1820.

BURNETT
v.
SANDERS.

\* *Ante*, p. 194.

Bill dismissed, without costs.

---

BURNETT and another, Administrators, &c. *against* SANDERS.

On a bill for discovery merely, the defendant is entitled to *costs*.
But where the plaintiff, who is entitled to discovery, goes first to the defendant, and asks for the information sought, which is refused, though in the power of the defendant, and the plaintiff is compelled to file a bill to obtain it, the defendant, though he answers fully, is not entitled to *costs*.

BILL for a discovery of payments, alleged to have been made by the intestate, on his bond to the defendant, and which bond was then in suit at law. The bill charged, that

*July 31st.*

1820.

BURNETT
v.
SANDERS.

on application to the defendant, she refused to admit the payments.

The answer admitted the most material of the payments, and that the plaintiffs, previously to filing the bill, had called on her to make such admission, which she refused, because the fact of the payment to her had then escaped her recollection; and she did not believe that they had been made, though she had since, upon search and inquiry, and examination of documents, changed her opinion.

*G. W. Strong*, for the defendant, moved to dissolve the injunction staying the suit at law, with the costs of the suit to be taxed.

*Foot*, contra, cited 1 *Madd. Tr. Ch.* 176. in opposition to the claim for costs.

THE CHANCELLOR dissolved the injunction, but without costs, as he thought this case formed an exception to the rule of practice, that when a plaintiff comes for a discovery, and obtains it, he shall pay the costs. Here the plaintiffs, who were *administrators*, first went to the defendant, and asked for an admission of certain specific payments, appearing from the accounts to have been made, and the defendant refused to give them the requisite satisfaction, and compelled them to come here for a discovery. As the payments were made to her, it was her duty to have ascertained the fact, and to have afforded to the plaintiffs the information she was, or ought to have been, accurately possessed of, in the first instance. She has no equitable claim to the costs of the suit; and the doctrine of Mr. J. *Buller*, when sitting for the Lord Chancellor, in *Weymouth* v. *Boyer*, (1 *Vesey*, jun. 416.) is very reasonable, and entirely applicable; and Mr. *Maddock* (*Tr. on the Pr. and Prac. in Chan.* vol. 1. 176.) says, he has heard Lord *Eldon* approve the doctrine.

Order accordingly.