## King vs. Clark.

Where an injunction has been granted upon a bill of discovery in aid of a defence at law, it is a matter of course to dissolve the injunction as soon as the answer of the defendant is perfected, whether the facts charged in the bill are admitted or denied.

As a general rule, a party who has fully answered a bill of discovery is entitled to costs ; and costs are given against the plaintiff, of course, if the charges in the bill are denied.

Where the material allegations in a bill of discovery are admitted by the answer, and the defendant also admits that he was applied to by the complainant and refused to make the discovery previous to the filing of the bill, he will not be entitled to costs.

The cause is never brought to a hearing upon a mere bill of discovery ; but as soon as the answer is perfected, the defendant is entitled to move for costs,

December 20. THIS was an application to dissolve an injunction, which had been obtained upon a bill of discovery to aid a defence at law, and also for the costs of the defendant in answering the · bill.

*Joseph Blunt,* for the complainant.

*W. S. Johnson,* for the defendant.

THE CHANCELLOR. An injunction granted upon a mere bill of discovery to aid a defence at law, is only intended to delay the trial until such discovery can be obtained. It is therefore a matter of course to dissolve the injunction as soon as the answer of the defendant is perfected, whether he admits or denies the facts charged in the bill. As the only object of this bill is to obtain the defendant's answer on oath, to be used on the trial at law, there can be no ground for restraining the party from proceeding at law after the discovery has been obtained.

As a general rule, the defendant who has fully answered a bill of discovery is entitled to costs. If the facts charged in the bill are denied, the plaintiff must pay costs, of course, as there is no way of contesting the truth of the answer. The case is never brought to a hearing, either upon bill and answer, or upon pleadings and proofs. But after the time for excepting has expired, the defendant is entitled to move for costs, to be taxed against the plaintiff. (*Mosel. Rep.* 185. *Woodcock* v. *King,* 1 *Atk.* 286.) If the complainant wishes to protect himself against costs, on a bill of discovery, he must apply to the defendant in the first place to give him the desired information, or to admit the facts of which a discovery is sought; and he should set out such application in his bill. In that case, if the defendant admits the facts stated in the bill, and that he refused to give the desired information, without showing any sufficient excuse for such refusal, he will not be entitled to costs. (*Weymouth* v. *Boyer,* 1 *Ves. jun.* 416. *Bennet* v. *Sanders,* 4 *John. Ch. Rep.* 503.)

There is nothing in the bill or answer in this case to entitle the complainant to claim an exemption from costs. The injunction must therefore be dissolved, and the complainant must pay the costs of the defendant in this suit, to be taxed.