## STEELE v. LOWRY AND McGHEE.

1. When a bill is filed to restrain a suit at law, on grounds of defence which could be available at law, if sustained by sufficient evidence, and it is alleged in the bill that the facts constituting this defence can only be established by evidence from the defendants to the bill;—this is a bill for discovery merely, and on the coming in of the answer of the defendant, denying the equity, it is proper for the chancellor to dismiss the bill when he dissolves the injunction.

WRIT of Error to the Court of Chancery, for the counties of Autauga and Coosa.

The case made by the bill is as follows:

. About the 1st of September, 1835, James P. Lowry, then re-residing in Tennessee, and when the bill was filed, in Texas, prevailed on Steele, the complainant, and one William Lowry, to execute with him a note, under seal of that date, for $4,000, payable the 1st January, 1839, with interest at the rate of 6 per cent. per annum. James P. Lowry was . principal, and the others were securities. This note was placed in the hands of James P. Lowry, for the purpose, and on the condition of enabling him to make a purchase of some slaves from McGhee. Lowry passed the note to McGhee on some other terms and consideration than the purchase of slaves, but for what precise consideration, the complainant did not know, but had been informed, and so believes, that the note was passed, either on account of previous dealings and transactions between Lowry and him, or on ac-. count of some other dealings and transactions between them at the time. When the note was given to McGhee, Lowry was indebted to him about 1,000, for the payment of which, and not for the purpose for which the note was executed by the complainant, it was transferred. McGhee knew that the note was executed for the purpose before stated, and for no other purpose, when he received it from Lowry. It was made payable to McGhee, was for the sum of 4,000 dollars, and though no part ever was paid, . a credit was placed on it by McGhee, of 3,000, to make the indebtedness correspond with that of Lowry to him.

McGhee instituted a suit in the circuit court of Autauga, to recover the sum due on the note from Steele, and the bill charges, that Steele is unable to prove the facts alleged, except by the tes-. timony of the Lowrys, and that of McGhee.

The prayer of the bill is, for an injunction against that suit, until the further order of the chancellor, and that the note may be delivered up to be cancelled, and a perpetual injunction decreed, &c.

An amended bill was afterwards filed, stating that James P. Lowry had various conversations with McGhee in relation to a purchase of slaves from him, and proffered in payment of such slaves, if the purchase should be effected, to procure the complainant to become security for 4,000 dollars, or for whatever sum the purchase should amount to. It was for this purpose that. Lowry procured the complainant to become his security. It

charges, that this purpose was not effected, but the note was pass-ed to McGhee, not in pursuance of this purpose, but on account of some previous transaction between them, and that McGhee had information from Lowry, or some other source, of the pur-pose for which complainant consented to give the note. It then prays that McGhee shall state what information he had on this subject, as well as from whom he had it. Also, that the particu-lar consideration might be disclosed by him, which he gave for the note.

The answer of McGhee states, that Lowry applied to him about the 1st September, 1835, to borrow 4,000 dollars, and pre-sented to him the note, a copy of which is exhibited in complain-ant's bill, upon the credit of which, he wished to obtain the loan. Respondent declined lending that sum to Lowry, but at his ur-gent request, did loan him 875 dollars in cash, and let him have a horse at the price of 125 dollars, on the credit of the note. At the same time, a credit of 3,000 dollars, was indorsed on the note by Lowry. The note was passed to the respondent for no other purpose than to secure him for the money thus advanced, and the price of the horse thus sold, and he was entirely ignorant when he received the note from Lowry, that any improper use was made of it, or that Lowry was violating any confidence reposed in him by the complainant. The answer fully denies all the statements of the bill which charge the taking in payment of any then exist-ing debt, and insists on the right to recover the amount of the note under the circumstances disclosed.

On the coming in of the answer, the injunction was dissolved, and the bill dismissed.

It is here assigned as error, that the chancellor erred in dismiss-ing the bill, when the motion was only to dissolve the injunction.

ELMORE, for the plaintiff in error, insisted that the bill ought to have been retained as an original bill, notwithstanding the disso-lution of the injunction. The prayer is for relief, as well as for discovery, and under this bill, the note could be called in and can-celled. [Pitts v. Cottingham, 9 Porter, 675.] Nor is the cir-cumstance, that the note is in suit of such a nature, as to control the complainant's right to have it cancelled, if his case can be made out in equity.

GOLDTHWAITE, J.—We think the bill in this case was properly dismissed by the chancellor on the coming in of the answer of McGhee, because there is no sufficient reason to entitle it to be considered in any other aspect than as a bill for discovery, in aid of the defence to the suit at law.

The complainant expressly alleges, that he is unable to prove the facts stated by him, except by the testimony of McGhee or the Lowrys. McGhee has shown, that his evidence will not avail the complainant, and if that of the Lowrys is competent for that purpose, no reason is shown why it can not be used in the suit at law, which is against Steele only.

It is supposed, however, that this case resembles that of Pitts v. Cottingham, [9 Porter, 675] where we held that a party who was defrauded in the purchase of land, could go into equity for a rescission of the contract, and was not required to wait the action of the vendor in bringing suit on the notes given for the price of the purchase. There, the object of the bill was the rescission of a fraudulent contract, and that is one of the admitted grounds of equity jurisdiction. Here, no contract is asserted, but the complainant seeks to avoid a security, which he admits there was a sufficient consideration to support, if the possession is *bona fide*.

But the difference, which is conclusive, is that, conceding the facts to be true, which are asserted by the complainant, he is not entitled to have the note cancelled, or delivered up; because, whatever may be its effect against Steele, it is a valid security as to Lowry. We only refer to this difference between the case cited and this, to show that the decision there can have no influence, as this case is presented; for whatever defence is asserted here, is equally available in a court of law, and when the plaintiff succeeds there, the determination will be final, and equity can not afterwards interfere.

Decree affirmed, with costs.