## DENNIS *v.* RILEY.

The general rule is, that where a bill in equity is merely for discovery, and the
    defendant answers and discloses the information sought for, he is entitled to
    costs against the orator.
*Semble,* that where the orator asks the information of the defendant, and he refuses
    to give it, and the orator is compelled to file a bill for discovery, the defendant
    will not be entitled to costs.
The case is never brought to a hearing upon a mere bill of discovery, but as soon
    as the answer is perfected, the defendant is entitled to move for costs.

IN EQUITY.   This was a bill for discovery, and the defendant, having answered and disclosed, moved for costs.

*Baxter,* and *Walker,* (of Vermont,) for the orator.

*Cushing,* for the respondent.

GILCHRIST, C. J.   The question involved in this motion, although often settled in other jurisdictions, has never been formally decided in this court.

In the case of *Weymouth* v. *Boyer,* 1 Vesey, 423, *Buller, J.,* sitting for the Lord Chancellor, said, he was aware of the practice

Dennis *v.* Riley.

of the court, that if a plaintiff comes for a discovery, and has it, he shall pay the costs. But he thought the rule so expressed, too general, and said, if a proper case for withholding the costs should arise, he should put the parties to reconsider the question. By a proper case, he said he meant that if the plaintiff was entitled to the discovery, and went first to the defendant, who refused, and the plaintiff was thereby compelled to come into Chancery for the discovery, he would not give the defendant his costs. But if the plaintiff thought fit to file his bill without trying first to get the discovery in that way in which men acting with each other ought first to ask their rights, he thought he ought to pay costs. It is, however, to be inferred from the remarks of the Lord Chancellor in the case of *Butterworth* v. *Bailey*, 15 Vesey, 358, that the general practice is for the plaintiff to pay the costs. In the case of *Burnett* v. *Sanders*, 4 Johns. Ch. 503, Chancellor *Kent* said, that the doctrine of Mr. Justice *Buller* was very reasonable ; and in 1 Madd. Ch. 176, the author says he has heard Lord *Eldon* approve the same doctrine. In the case of *Burnett* v. *Sanders*, the plaintiffs went to the defendant and asked for the requisite information, which was refused, and they were compelled to file a bill for discovery, and costs were refused to the defendant. To the same effect is the case of *King* v. *Clark*, 3 Paige, 76, and the general principle is recognized in the case of the *Fulton Bank* v. *The N. Y. and Sharon Canal Co.* 4 Paige, 127. But, though the bill be merely for discovery as to one defendant, still if it pray relief as to the others, the defendant will not, upon his answer, be entitled to costs, for the court will not examine the record to see whether the plaintiff may not, under the prayer of general relief, be entitled to some relief against the defendant. *Attorney-General* v. *Burch et al.* 4 Madd. 178. The case is never brought to a hearing upon a mere bill of discovery, but as soon as the answer is perfected, the defendant is entitled to move for costs. *King* v. *Clark*, 4 Paige, 76. There is nothing in this case to limit the application of the general rule, and the bill must therefore be dismissed with costs for the defendant.