## DRAKE vs. FOSTER et al.

[BILL IN EQUITY BY ASSIGNEE OF PATENT-RIGHT, TO ENJOIN ACTION AT LAW ON NOTE GIVEN FOR PURCHASE MONEY, AND FOR DISCOVERY IN AID OF DEFENSE.]

1. *When bill for discovery merely may be dismissed with costs* -If a defendant in an action at law files a bill in equity for a discovery merely, in aid of his defense, without first making application to the plaintiff for an admission of the facts sought to be elicited, and the answer denies some of the facts

42

alleged, the bill may be dismissed, with costs; and if the action at law is brought in the name of one person, for the use of another, it is not sufficient to allege an application to the nominal plaintiff, and his refusal, to admit the facts as to which the discovery is sought.

2. *Estoppel in pais against setting up defense to note.*—If the maker of a promissory note induces a third person to trade for it, by assuring him that he has no set-off against it, and that he will pay it promptly, he cannot afterwards assert any ground of relief against the purchaser.

3. *Objection to competency of witness, when made.*—An objection to the competency of a witness, on the ground of interest, must be distinctly made at the first opportunity, or it will be held to have been waived.

APPEAL from the Chancery Court of Macon.

Heard before the Hon. A. J. WALKER.

This bill was filed by Patrick H. Drake against Lewis A. Foster and Thomas J. Bedell, and its allegations were,—that one John A. Campbell, in 1848, assigned to said Foster, F. M. Reese and F. W. Dillard the patent-right of making and vending, in the counties of Chambers, Macon, Russell, Barbour, Henry and Tallapoosa, "Drummond's patent candle-maker;" that afterwards, on the 20th October, 1848, said Foster, Reese and Dillard, in consideration of $587 50, sold and assigned to complainant one fourth of their interest in said patent candle-maker; that complainant executed to them, for the said purchase money, his three promissory notes, for $195 83 each, payable one to Foster, one to Reese, and one to Dillard; that in July, 1849, complainant and said Foster had a settlement of other matters of account between them, and Foster was found in arrears to complainant in the sum of $50 or $60; that complainant proposed that Foster should give him a credit for this sum on said note, but Foster preferred to cancel the old note, and to take a new note from complainant for the balance due him; that this was accordingly done, the old note was canceled, and complainant executed to Foster a note, for $143 63, the sole consideration of which was as above stated; that complainant believed, at the time of his original purchase, and at the time he executed said note to Foster, that said Campbell had the legal right to sell and assign said patent-right, and that said Foster, Reese and Dillard, under their purchase from him, had the right to sell and assign to complainant; that he has since been

informed, and believes the information to be true, that said Campbell had no legal right to sell said patent-right, and that his assignment was void, because it was not recorded according to the act of Congress; that complainant's assignment from Foster, Reese and Dillard is void for the same reason, and conveyed no interest whatever; that said patent-right itself was procured by fraud, and is therefore of no value; that suit has been commenced on said note against complainant, in the name of said Foster, for the use of said Bedell, and stands for trial at the next term of the circuit court; " that complainant is unable to prove the consideration of said note, by any other person than said Foster, the nominal plaintiff in said suit, who has refused, upon application, to become a witness in said suit, and who also refuses, through his counsel, to admit for what said note was given; and that it will be material for his defense to have a discovery from said Foster."

The prayer of the bill is, that the defendants may be required to make full, true and perfect answers to all the allegations of the bill; that the action at law may be perpetually enjoined; that Foster may be compelled to account with complainant, and to refund to him the amount paid by settlement on the original note; and for such other and further relief as the equity of the case may require.

The defendants filed separate answers. Foster denies, in his answer, that the contract between himself and the complainant, and the consideration of the note on which the suit was founded, are correctly stated in the bill, and alleges the facts to be, that he agreed with complainant, previous to the purchase of the patent-right from Campbell, that he would purchase and advance the money for complainant and himself, and that he never would have made the purchase but for this agreement; that complainant was anxious to purchase for himself, but did not have the money; that defendant advanced $600 on the purchase, of which one half was for the benefit of complainant; that complainant always claimed the benefit of this purchase, and at once engaged in the manufacture of the candle-maker; that Dillard and Reese afterwards consented that complainant might take an interest of one fourth in their purchase, and complainant thereupon executed his

said three notes for $195 each, which included the amount advanced for him by Foster, together with one fourth of the amount expended in the purchase of stock. He further alleges, that Campbell, at the time his assignment to them was executed, had the legal right to sell and dispose of said patent-right, and that his assignment was regularly recorded; that the purchase of the patent-right, though it did not prove as profitable a speculation as complainant had anticipated, was nevertheless valuable; that the note, on which the action at law was founded, was transferred by said Foster to Bedell, about the time of its maturity, in the presence of complainant, who then assured Bedell that the note was good, and that he would pay it. Bedell also alleges, in his answer, that said note was transferred to him, about the time of its maturity, in the presence of complainant; that complainant then assured him that the note was a good one, and that he would pay it, though he was not able to pay it at that time, and wished indulgence on it; "that he never would have traded for said note, (at least, not without an endorsement or guaranty from said Foster,) but for complainant's said representations and promises."

The deposition of said F. W. Dillard was taken by the defendants, and cross-interrogatories were propounded by the complainant. This witness testified, in answer to a question propounded by the defendants, that he had a conversation with complainant, in reference to the note on which the action at law was founded, in which complainant stated, "that he told Bedell to trade for it,—that he had no set-off, and would pay it promptly." A motion was made, before the chancellor, to suppress this deposition, on the ground that the witness was incompetent by reason of interest; but the motion was overruled.

On final hearing, the chancellor dismissed the bill, at the complainant's costs; holding, on the authority of Vickers v. Mooney, 6 Ala. 99, that a discovery from a nominal plaintiff, in aid of a defense at law, was not available against the beneficial plaintiff. His decree, with the refusal to suppress the deposition of Dillard, is now assigned as error.

GEO. W. GUNN, for appellants, made these points:

1. The general rule, that the answer of one defendant cannot be read as evidence against another, does not apply in cases where one defendant claims through another, or where they have a joint interest. — Julian v. Reynolds, 8 Ala. 683; McLane & Plowman v. Riddle, 19 *ib.* 180; 1 Greenl. Ev. § 187; 2 Dan. Ch. Pr. 982; 6 Cranch, 824; 9 *ib.* 156; 9 Wheaton, 738.

2. The bill is for discovery and relief, and alleges that the nominal plaintiff in the action at law refused to testify; nor could his evidence have been procured by interrogatories at law. When the defense at law cannot be made without the plaintiff's testimony, it is proper to file a bill.—Mallory v. Matlock, 10 Ala. 596; Jones v. Kirksey, *ib.* 579. Where equity takes jurisdiction for one purpose, it will settle the entire equities between the parties.—1 Story's Equity, § 71; Nelson v. Dunn, 15 Ala. 502.

3. In an action brought by the assignee of a note, against the maker, it is a good defense that the consideration was a deed of patent-right, which the payee had no right to sell, because his assignment had not been recorded.—7 Blackf. 136; 6 N. H. 477; 13 Ala. 346; 23 *ib.* 312. That the invention is worthless, is also a good defense to the note.—1 Mason, 182; Paine, 203; Gilpin, 489; 13 Wend. 385; 10 Johns. 23; 2 Paige, 134.

4. Dillard was incompetent from interest.—Dent v. Portwood, 17 Ala. 242; Herndon v. Givens, 19 *ib.* 313; Holman's Heirs v. Bank of Norfolk, 12 *ib.* 399; Lay's Executor v. Lawson's Adm'r, 23 *ib.* 377.

J. T. LEFTWICH and SEABORN WILLIAMS, *contra*, contended,

1. That the bill was without equity, because it sought a discovery from a nominal plaintiff, to be used as evidence against the beneficial plaintiff.—Vickers v. Mooney, 6 Ala. 99.

2. That the complainant was estopped from asserting any defence against Bedell.—Lanier v. Hill, 25 Ala. 554.

RICE, C. J.—It is unnecessary to determine whether the bill in this case is one for discovery merely, in aid of a defense at law, or is one for discovery and relief. It is certainly one or the other. If it is a bill for discovery merely, in aid of a

defense at law, then, as it has been fully answered, and several of the facts charged in it are denied, and the complainant did not apply to the usee in the suit at law, in the first place, to admit the facts of which a discovery is sought, there was no error in dismissing it at the costs of the complainant.— King v. Clark, 3 Paige, 76; Bennett v. Sanders, 4 Johns. Ch. R. 503; Steele v. Lowry, 6 Ala. Rep. 124; see, also, Collier v. Chapman, 2 Stew. R. 163; Vickars v. Mooney, 6 Ala. R. 97; Bailey v. Dean, 5. Barb. Sup. Ct. Rep. 297; Williams v. Wann, 8 Blackf. R. 477.

If the bill is one for discovery and relief, then there was no error in dismissing it, because, upon the pleadings and proofs, the complainant is not entitled to relief in a court of equity. It is a sound principle, that where the maker of a note induces a third person to trade for it, by telling him to trade for it,—that he has no set-off, and will pay it promptly, the maker has no ground of relief against him.—Lanier v. Hill, 25 Ala. Rep. 554. The testimony of Dillard brings this case within the influence of that principle, and is fatal to the right of complainant to the relief sought by his bill.

An objection was made that Dillard was interested, and therefore incompetent to testify. This objection came too late. If he was interested, complainant knew it when he filed cross-interrogatories to him; but he did not then make any objection to his competency. The objection was not made until after Dillard's testimony had been taken. As complainant knew of Dillard's interest (if he was interested) before he filed his cross-interrogatories to him, and made no objection until after his testimony had been taken, the objection to his competency was waived, for all the purposes of the present suit.—Hudson v. Crow, 26 Ala. Rep. 515.

We shall not decide whether Dillard was a competent witness in this suit, or whether he will be a competent witness in the trial at law. What we have said above disposes of this case, and requires us to affirm the decree, at the costs of the appellant.