Marshall, Ch. J.,
 

 delivered the opinion of the court. — The bill states the original contracts, and claims a specific performance, by permitting the plaintiff to elect the 500 acres to which he is entitled, out of the tract of 1000 acres, which had been located on Paint Creek; and also contains a prayer for general relief.
 

 On the specific object of the bill, the right to make an election out of the lands on Paint Creek, there can be no difficulty. One thousand acres, part of the original warrant, having been clearly withdrawn, at the time of the contract, from the quantity out of which the 500 acres, sold by the defendant, were to be chosen, there can be no pretext for the claim set up in the bill. As little foundation is there for the claim to damages, instead of the land itself, on account of the 500 acres stated in the answer to have been sold ; which sale, the counsel for the complainant considers as a wrong, which has put out of his client’s reach a tract he had a right to elect, and has, consequently, disabled the defendant from complying with his contract. To this claim two answers may be given, either of which would completely defeat it.
 

 1st. The fact found by the jury shows, that the defendant is still ready to convey this land. The attorney-general would exclude this finding from the case, because it contradicts the admission of the answer ; and it is a rule of law, that a finding which contradicts a fact admitted in the pleadings, is to be disregarded. The principle of law is unquestionably laid down correctly ; but the court can perceive no incompatibility between the admission of the answer, and the fact, as found by the jury. They may both be true; and, of consequence, *the court must consider both as true. After the answer was filed, the land may have been repurchased by Mr. *- Taylor, and such a repurchase would have been proper evidence, to justify the fact found by the jury, and would put him in a situation to perform his contract, so far as respected this particular tract. But were it even otherwise—
 

 The 2d answer is, that the concession made by the defendant must be taken altogether. He states the complainant to have refused this particular tract of 500 acres, before it was sold. The complainant had, consequently, elected not to take it, and, of course, the defendant was at liberty to dispose of it.
 

 The other point in the case is attended with more difficulty. It is, that the representation. made by Taylor, at the time of the sale, was untrue in a material point. He represented the tract of 1000 acres which had been located, and out of which the plaintiff would have a right to take the lands he purchased, to lie on Hingston’s fork of Licking, when, in truths it lay on
 
 *168
 
 Slate, another branch of the same river, where the lands prove to be less valuable than on Hingston. That this misrepresentation is material, cannot be denied ; but it is contended by the defendant, that it originated in mistake, not in fraud ; and as the country was, at that time, unknown to both the contracting parties, and the material object was to give the purchaser a right to take the land he had purchased out of the tract already located for the seller, an accidental error in the description of the place where the tract in contemplation of the parties lay ; an error which could have had, at the . time, no influence on the contract, ought not now to affect the person who has innocently committed it.
 

 From the situation of the parties and of the country, and from the form of the entry, it is reasonable to presume, that this apology is true in point of fact; but the court does not conceive that the fact will amount to a legal justification of the person who has made the misrepresentation. He who sells property on a description given by himself, is bound to make good that description ; and if it be untrue in a material point, although the variance be *2821
 
 occasioned
 
 H a mistake, he must still remain *liable for that variance. In this case, the defendant has sold land on Hingston, and offers land on Slate. He has sold that which he cannot convey, and as he cannot execute his contract, he must answer in damages. It is, therefore, the opinion of the court, that the plaintiff is entitled to an issue to ascertain the damages he has sustained by the inability of the defendant to perform his contract, and to the damages which shall be found.
 

 Although, in the general principles laid down, the court was unanimous, I did not, in consequence of the particular circumstances of this case, concur in the opinion which has been delivered. I will briefly state those circumstances.
 

 In his bill, the plaintiff does not allege that he was, in any degree, induced to make the contract, by supposing the land already located to lie on Hingston’s fork. This representation, then, was an accidental circumstance, which'has not, in the slightest degree, influenced his conduct. Nor does he now, in his bill, urge this variance in the description of the property as a reason for claiming damages, instead of the specific thing contracted to be sold. Nor does it appeal", that this claim was set up in the district court. On the contrary, he alleges, that the land on Paint Creek is also in his power, and insists on making his election out of that tract. Under such a bill, in a case where the contract is a very advantageous one to the purchaser, I am not convinced, that a court of equity ought to award him damages, on account of an error in the description of the property, which was innocent in itself, which at the time appeared to be unimportant, and which most obviously did not conduce to, nor in any manner affect, the contract. The person claiming damages in such a case should, I think, be left to his remedy at law. I should, therefore, have been disposed to affirm the decree of the district court. I am, however, perfectly content with that which I have been directed to deliver.
 
 (a)
 

 (a)
 

 The Judges present were, Marshall, Oh. J., Paterson, Washington and Johnson, Justices.