By the Court.
The first error assigned, is, “It .0Unht t0 have been alleged in the declaration that Baid-win knew that the horse given by him in exchange was diseased with the glanders. In an express warranty, • .110raHCe Df unsoundness in the article, does not excuse the vendor ; otherwise m a misrepresentation or deceit.”
jn examinjncr the most approved precedents, it appears that it is always stated m the declaration in an action of deceit, that the defendant well knew (if a horse) that he was unsound and falsely and fraudulently re *51 presented him sound. In this kind of suit, the quo ani-mo is the gist of the action ; for fraud without damage, or damage without fraud, is not the ground of an action. In the declaration in this suit, it is neither stated or averred, that the defendant falsely, and fraudulently represented the horse to be sound, or that he knewhe. was unsound ; one or the other of which, is absolutely necessary to support the action.*
The second error assigned, need not now be decided,;, as upon the third, the court below certainly erred, in preventing the defendant’s attorney from asking the, witness any question which wpuld shew that he had made the contract in his own name, or that he was interested in the event of the suit. For objections to the competence of a witness, may either he proved, or drawn from him upon a voire doire, or upon his examination, 4 Bur. 2256; and objections to the competency of witnesses, never come too late, but may be made at any stage of the cause, Esp. Rep. 37.-Judgment reversed.

 But fee the cafeof Waters vs. Mattingly. fall term 1808, in which it was decided, after, fall argument, that a vendor is anfwerable for a reprefenfa-tjon made on thefale of a horfe, which proves to be falfe, whether it were the effect of fraud or miftake. See alfo, Pile vs. Shannon, &c. poft 53, Bibb vs. Pratber and Smiley, &c. Pr. Dec. 153, and M'ferren vs. Taylor, 3 Cranch 270, where fimilar decihons were given on tales of land.,