### COWGER *v.* GORDON and Another.

Debt on a sealed note for the payment of 100 dollars. Plea, that the note was given in part consideration of a certain half quarter section of land, received by the defendant from the plaintiff in exchange for another tract; that at the time of the contract and to induce the defendant to make it, the plaintiff represented to him that he had measured the half quarter section of land, and that it included a certain field, and a certain piece of bottom land containing 15 acres; that the defendant ignorant of the boundaries of the land, and relying on the plaintiff's representation, made the exchange and gave the note; that the defendant has since discovered that the land so received by him does not include the field or bottom land, and that it is not worth as much by 200 dollars as it would have been had its situation been as the plaintiff represented it.

*Held,* on demurrer, that the plea was a bar to the action.

If the vendor of real estate undertake to point out to the purchaser the boundaries of the land, or the place where it lies, or its improvements, he does it at his peril and is liable for any mistake in the description.

*Wednesday,
December 2.*

ERROR to the *Rush* Circuit Court.

STEVENS, J.—Debt upon a writing obligatory for the payment of 100 dollars. Plea, failure of consideration. Demurrer to the plea; demurrer sustained; and final judgment for the plaintiff.

The plea avers, that the consideration on which the writing obligatory is founded was a part of the difference in value, which *Cowger* undertook to pay the *Gordons* in an exchange of two certain half quarter sections of land, which were exchanged between them, containing 80 acres each, &c.; the *Gordons,* at the time of the exchange, for the purpose of inducing *Cowger* to make the exchange, and also pay the differ-

ence in value asked of him in exchange by them, pointed out and represented to *Cowger* that they had measured the land, and that the west and south lines extended so as to include a certain field, and also a certain bottom containing 15 acres of land; that *Cowger* being wholly ignorant of the lines, relied upon the statements of the *Gordons* and made the exchange, &c.; that *Cowger* has since discovered that the west and south lines of said half quarter section do not include the said field, nor the said 15 acres of bottom; and that the said half quarter section is worth 200 dollars less than it would have been, had it included the said field and the said bottom land.

The demurrer to the plea is special, and assigns for cause of demurrer that the plea neither charges a warranty nor a *scienter*.

The question before us is as to the sufficiency of the plea. This plea shows that *Cowger* got the right half quarter of land, that is, the one he contracted for, and that it contains the proper number of acres; but charges that he was deceived as to where its west and south lines would run; that the mistake injures him to the amount of 200 dollars; and that notwithstanding the half quarter section of land which he has got is the correct one, so far as the numbers and the quantity are concerned, yet he has not got the land which the vendor showed and sold to him. It is not, however, charged in the plea that the *Gordons* knew that they showed the wrong land to *Cowger:* it is not charged that they knew that this field and piece of bottom containing 15 acres were not included within the lines of the half quarter. It may be that the *Gordons* honestly believed that they stated the truth. Nor does the plea allege that the *Gordons* warranted that those lines would enclose this field and bottom.

The counsel for the *Gordons* insist that there must be either a *scienter* or a warranty laid; that the subject-matter was a mere opinion about which the *Gordons* had a right to express their belief; and that they cannot be held accountable for that belief, unless at the time they knew it was false, or unless they expressly warranted the fact to be true; that *Cowger* was not bound by their opinion; that he ought to have ascertained the truth for himself; that by the use of ordinary care and diligence, he could have known the truth of the case, and that the law required of him to do so.

Nov. Term, 1835.

COWGER
v.
GORDON.

In the sale of goods and chattels, the rule is well settled that *caveat emptor* applies with all its force, and the buyer purchases at his peril with regard to the quality or goodness of the commodity; and that the vendor is liable for no defect in these particulars, unless he make an express warranty, or be guilty of fraud. The rule is, if there is no express warranty or fraud on the part of the seller, the buyer must abide all losses from defects of quality, soundness, goodness, &c. The seller is not bound to point out facts affecting the value of the commodity, if the means of information are equally in the power of the buyer. The seller, however, must not commit a fraud on the buyer, by using undue means or craft to prevent him from discovering the defects. Each party in these transactions judges for himself, and must rely on his own skill and judgment. Sugden's Vend. 1, 2.—2 Kent's Comm. 478, 484, and notes.

The rule, *caveat emptor*, applies to defects in the quality and goodness of real estate; and even in some special cases to the title also. Sugd. Vend. 1, 2, 210.—*Sherwood* v. *Salmon*, 2 Day, 128.—*Moore* v. *Turbeville*, 2 Bibb, 602.—*Lowndes* v. *Lane*, 2 Cox, 363.—*Oldfield* v. *Round*, 5 Ves. jun. 508.—*Shirley* v. *Davis*, 6 Ves. jun. 678, cited.—1 Ball & Beat. 250, 506. But in the sale of goods and chattels the rule is very different as it respects the title. If the vendor is in possession of the commodity sold, and points it out to the vendee as his, the rule *caveat emptor* as to title does not apply; the law implies that the seller warrants the title. The same implied warranty must exist in the sale of real estate, so far as the identity of the estate shown to the purchaser comes in question. If *A.* holds a patent from the *United States* for the north-west quarter of a certain section, and is negotiating a sale of it to *B.*, and in attempting to show it to *B.* accidentally, and by sheer mistake, shows him the south-west quarter, and neither of them is cognisant of the mistake; yet if *B.* should purchase the land named in the patent, supposing it to be the land *A.* had showed to him, and take a deed of conveyance from *A.*, he could rescind the contract as soon as the mistake should be discovered; although the purchaser might, by strict diligence, have ascertained before the purchase that he had been shown the wrong quarter. It has been frequently decided, that if a vendor when treating of a sale of real estate, make a representa-

tion which is not true in fact, though he believed it to be so when he made it, a performance cannot be compelled. 2 Hov. on Fr. 9.—*Higginson* v. *Clowes*, 15 Ves. 516.—*Wall* v. *Stubbs*, 1 Madd. 54.—*Waters* v. *Mattingley*, 1 Bibb, 244.

The case of *M'Ferran* v. *Taylor*, 3 Cranch, 270, settles that principle. The case was this: *Taylor* held a military warrant for military services, for 1,000 acres of land upon a branch of the *Licking* river. The land had never been surveyed, and it was not known to any one where the lines would run. *Taylor* supposed that the warrant included a branch called the *Hingston* fork, on which the land was rich and valuable. He sold to *M'Ferran* 500 acres of the land contained in the warrant, to be laid off to *M'Ferran* in a square or an oblong on any side or end of the 1,000 acres that *M'Ferran* might choose, so soon as the 1,000 acres should be surveyed. *Taylor* represented to *M'Ferran* that it lay on the *Hingston* branch. When it came to be surveyed, it lay upon the *Slate* branch where lands were poor and not valuable. At the time of the sale, it was possible by a sufficient examination to have known the truth of the case; and if sufficient diligence and caution had been used on the part of *M'Ferran*, he might have ascertained on which of these branches the land would lie; but he did not do so. He saw proper to take *Taylor's* word, and made his contract accordingly. Judge *Marshall*, when disposing of the case, said, *Taylor* represented the land in his warrant to lie on the *Hingston* fork of *Licking*, when in truth it lay on the *Slate* fork, where lands are much less valuable than on the *Hingston* fork; that this is a material misrepresentation cannot be denied; but, said he, it is urged that there is no fraud, and as the contract relates only to the land contained in the warrant, *Taylor* was not accountable for the place where the land might lie when surveyed; that the mistake was accidental, and at the time had no influence on the contract. This apology, he said, is no doubt strictly true, but that does not furnish a legal justification for *Taylor*. He sold the property and pointed out where it lay, and he is liable for the mistake he has made. He sold that which he did not own, and must answer for his inadvertence in damages.

The case of *East* v. *Matheny*, 1 Marsh. 192, is directly in point. *East* sold *Matheny* two lots in the town of *Nicholasville*, and in pointing out the lots to *Matheny*, he represented

15

that they included a certain post and rail fence, and some other improvements which they did not. This representation was entirely a mistake on the part of *East*, as it was proved on the trial. *East* really supposed that his representation was true; and *Matheny*, if he had chosen so to do, could have ascertained for himself where the lines of these lots did run; but he did not do so. He purchased and gave his notes for the payment of the purchase-money, and before he paid the notes the mistake was discovered; and on a suit upon the notes, *Matheny* set up the damages which he had sustained by that mistake, as a set-off to so much of the purchase-money, and it was allowed him by the Court.

We think these cases settle the case before us. If a person sell real estate simply by the description contained on the face of his title papers, he is not accountable for its location, its lines, &c.; but if he undertake to point out to the purchaser the lines, or the place where it lies, or its improvements, he does it at his peril. If he make a mistake it is at his own loss. The rule *caveat emptor* cannot apply. When the vendor undertakes to point out and show the particular premises, the lines, the improvements, &c., to the vendee, the law implies a warranty that he is pointing out and showing the true and identical premises, lines, improvements, &c., that he is selling; and if he make a mistake he must be accountable.

The plea in this case is not very skilfully drawn; but it is sufficient to bar the action, if the principles above laid down are correct, and of that we have no doubt. Whether *Cowger's* loss was 100 dollars, or more or less than 100 dollars, we know not; he avers it is 200 dollars, and that is sufficient under the demurrer to bar the whole action. If the plaintiffs had taken issue on the facts alleged, the truth of the statements, as well as the amount of the defendant's damages, would have been determined by the jurors, from the evidence which might have been adduced upon the trial.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Rariden*, for the plaintiff.

*O. H. Smith*, for the defendants.