Cocke, (Special Judge,)
delivered the opinion of the court.
The complainants filed this bill to be relieved from the payment of certain notes, or bills single, executed by them to the 'defendants, the consideration of which, was the purchase tof certain lots in the town of Fulton, -laid off by the defendants on the bank of the Mississippi, and sold by them at public sale. The relief sought, is 'predicated upon the ground of fraud and misrepresentation in their advertisement of the sale of the lots, in said town of Fulton. Amongst other numerous charges, not deemed necessary to notice, it is stated in the bill, that the defendants, in said advertisement represented that they were the owners of one hundred acres of land on'the Mississippi river, a few miles below Flower island bluff, and a short distance above the mouth of Hatchee river, *207 including in part, that extensive' and elevated bluff on the east side of the river, at the most eastern bend thereof, along the whole extent of which one hundred acres, there is a first rate Steam boat landing all seasons of the year, and that it afforded one of the safest and best steam boat landings on the Mississippi river, and was distinguished and used as such at that early day. And farther, that on the west side of the river, immediately opposite the one hundred acres, there was more elevated ground than could any where else be found on that side of the river, and that the nearest and best road could be made from that point to Little Rock. These representations the bill alleges are wholly untrue. The answer admits the advertisement was made as represented in the bill, and insists that the representations are true in substance; and if not, insists, that the complainants should have examined the matter for themselves. It is proved that the landing is not such as was described; that in consequence of a bar, part mud and part sand, there is no.t a first rate boat landing all seasons of the year; that there is a tolerable landing in middling and high stages of the water, but in low water the landing is bgd, and confined to' a small part of the extent of the one hundred acre tract of land, and that the bar existed at the time of sale, and is a great obstruction, to the landing of steam boats. It is also proved, that the country on the opposite side of the the river from Fulton, is made up of ponds, swamps, and sunken ground, and is wholly unfit for a road.
In the argument of this case it was insisted, that the advertisement found on the record, and containing the representations, jva&not proved to have been published by the authority of the commissioners, and was no evidence of the facts set forth in the advertisement. It is, true there is no proof, other than what is contained in the answer, that they caused the advertisement, to be published. But the bill charges, that the advertisement and the representations made in it were made by the commissioners. The answer admits this charge, but insists upon the truth of the representations, and that the bar does not form an insuperable impediment to a good land ing for boats. The court is satisfied, that in making these representations no fraud in fact was intended. There is ng *208 proof showing that the commissioners made the representa- \ G 1 set forth in the advertisement, knowing them to be false, but they were great inducements to purchasers, and tjjey cause(j the lots to sell much more advantageously than they otherwise would have done, is manifest. A steam boat landing, such as this was represented to be, in laying off a new town situated as this, was a great desideratum, and when we connect with this, the fact, that the purchasers believed the ground on the opposite bank was of so elevated a character, as to present the best and most advantageous site on which to make a road to Little Rock, they would naturally conclude, that a place possessing such natural advantages must in a short period of time, be one of great importance. Under such circumstances, they would feel safe in investing their funds in the purchase of lots, under a belief, that in process of time the investment would be profitable. If the representations in point of fact were incorrect, the value of the lots would be much less than they otherwise would have been, and the party purchasing would be greatly injured. __ It is evident from the proof in the case, that the purchasers were induced to buy lots, under the belief that these natural advantages existed. If they do not exist, the main inducement which caused them to purchase has failed, and they have been deceived by the representations of the defendants, and are greatly injured thereby. These representations were made as the court believes under a full belief of their truth, on the part of the commissioners, who cannot therefore be charged with intentional fraud. But the purchasers acted on the faith of them, and with the settled conviction that they were as represented by the defendants; and so far as their interest is concerned, they are as greatly injured as if they were fraudulently made.
Whether a party misrepresenting a fact, know it to be false, or made an assertion without knowing whether it was true or false, is wholly immaterial. It has been correctly said, to affirm what one does not know or believe, is unjustifiable, either in law or morals. 1 Story’s Eq. § 193. And indeed it seems now to be well settled, that if a party innocently misrepresents a material fact by mistake, upon which the *209 other party is induced to act, and does act, it is as ir v n- • i sire a around ior rebel in equity, as a wiliul and iaJse ; . . , ; . . , , tion, ior it operates as a surprise and imposition on the other party. 1 Story’s Eq. 202, and cases there cited. Rosebelt vs. Fulton, 2 Cowan’s Rep. 139, 134, and 125: Pearson vs. Morgan, 2 Brown’s Chan. Rep. 385: McKenon vs. Taylor, 3 Cranch, 270.
According to the above principles, it will at once be seeii that a court of equity cannot withhold its hand in extending relief in this case, however innocent of actual fraud the defendants may have been. We are of opinion, that the decree of the chancellor be affirmed.
Decree affirnledi