## PITTS *VS.* COTTINGHAM.

1. Where there is a false representation of the value and locality of the property sold, equity will relieve the vendee, by rescinding the contract, and compelling the vendor to surrender notes given, for the purchase money to be cancelled.

Error to Talladega Circuit court, exercising chancery jurisdiction.

Bill of complaint—heard by *Shortridge*, J.

The bill in this case, stated that Cottingham sold Pitts two hundred acres of land, and represented it as lying within a mile of one Holley's residence, being worth ten dollars an acre, &c. Pitts gave his notes for the purchase money, at that price, and Cottingham executed a bond for title. Cottingham afterwards ascertained it was poor, barren, pine land, situate on a hill, of no value, and two or three miles distant from Holley's.

An injunction was granted below, on filing the bill,

to restrain defendant from proceeding on the notes, but the bill was afterwards dismissed for want of equity, to reverse which order, the plaintiff prosecuted his writ of error.

*Martin*, for plaintiff in error.

GOLDTHWAITE, J.—The facts alleged in this bill, may be said to present two grounds, on which the complainant seeks relief.

1. On account of the false representation of the nature and quality of the estate sold ;

2. Because its location does not correspond with the defendant's representation, made at the time of the sale.

It is necessary to ascertain, if these facts warrant the interposition of a court of equity, in behalf of the complainant.

It is said in the books, that a false representation respecting the nature of an estate, will not warrant the rescision of the contract for its sale, although the purchase may have been induced, and the purchaser deceived, by it—(Sug. on Bonds, 3, and cases there cited.) If this is intended to be understood of those random *assertions* which are too often used by vendors respecting the value of their estates, it is doubtless true, and the cases, when examined, are found to prevent representations of this description, or else, were so vague and indeterminate, as to lead any prudent purchaser to a further and more direct enquiry into the value of the estate. It is not true, however, that equity will deny relief against false representation, though made with respect to mere value ; and

Pitts *vs*. Cottingham.

the cases are numerous in which damages at law have been recovered, and contracts rescinded in courts of equity, on this ground alone—(Burton vs. Cooper, 3 Atk. 383 ; Duke of Norfolk vs. Worthy, 1 Camp. 337; Fenton vs. Brown, 14 Vesey, 141.)

There is some difficulty in defining with exactness, any rule which will embrace all the cases in which a false representation of value will entitle the purchaser to relief; but seems clear, that it will not benied, *where there is a positive representation, essentially material to the subject in question, and which, at the same time, is false in fact;* provided, the application for relief is made with due diligence—(Lowndes vs. Lane, 2 Cox, 363; Sherwood vs. Salmon, 5 Day, 439.)

The allegations of the bill bring this case completely within the rule just quoted, and it presents the additional feature, of an entire and implicit reliance on the assertions of the defendant, the complainant having no means of ascertaining their falsity, by an inspection of the land before the purchase.

2. The misrepresentation of the location of the land, is equally decisive of the complainant's right to relief, and is as fully within the rule laid down. The bill, charges, that the land sold was represented as adjoining the lands of an individual named, but when examined, it proves to be distant one or two miles. This was not the estate which the defendant contracted to purchase, and the facts would furnish cause sufficient to rescind the contract, even if the seller was guiltless of any fraudulent intention—(Duke of Norfolk vs. Worthy, 1 Camp. 337; McFerron vs. Taylor et al. 3 Cranch, 270.)

Pitts *vs.* Cottingham.

If the facts in relation to the contract are such as are alleged in this bill, the complainant may successfully defend any suit which the defendant shall hereafter institute against him on the notes, in a court of law; *but* this does not preclude him from coming into chancery, in order to compel the defendant to surrender the notes to be cancelled. In equity, he is entitled to have the evidence of his liability surrendered, as the witnesses by whom the facts can now be established, may die or remove, so that it may hereafter be difficult or impracticable to obtain their testimony. Nor is the complainant bound, on any principle, to wait the defendant's pleasure to institute a vexatious suit against him. This rule, though formerly questioned in the English courts of equity, is now considered as amply sustained by authority, as it certainly is in principle—(Bromley vs. Hilliard, Cooper, 29—S. C.; 7 Vesey, 21; Ives vs. White, 7 Vesey, 414; Kemp vs. Prior, id. 249; Mad. Chan. 226.)

In any aspect in which this bill can be considered, it seems to us that there is sufficient equity on its face, to require an answer from the defendant: this being the case, it ought not to have been dismissed. The decree of the Circuit court is reversed, with costs, the *injunction* reinstated, and the cause remanded to *the Court* of Chancery, for further proceedings.