## HARRIS *v.* McMURRAY.

FRAUD.—Suit upon a note given for the purchase money of land. Answer alleged that plaintiff falsely and fraudulently represented the land to be of the value of $32 per acre; that such was the opinion of the neighbors, and he had been offered that much; that the soil was a rich black loam. Defendant was a non-resident of the state, and had never been in the neighborhood of the land. He started to see it, and was turned back by plaintiff's repeating his representations, and stating that if the neighbors did not say it was worth that much, there would be no trade. Defendant relied upon plaintiff's representations, which proved false. He had no opportunity for three or four months to inquire after the land, at which time he learned the truth about it, and demanded a rescission of the contract. *Held*, that the answer was good upon demurrer.

APPEAL from the *Putnam* Common Pleas.

HANNA, J.—Suit by appellee against appellant on a note. Answer, that the note was given for a part of the price of one hundred and sixty acres of land in *Putnam* county, *Indiana,* bought by the maker of said note, *McMurray,* and falsely and fraudulently represented by the latter to be of the value of $33 per acre, and the soil rich black loam; that he had been offered $32 per acre; that defendant was a non-resident of the state, had never seen the land nor been in the neighborhood of it; that before closing the purchase he started to see it, but was induced by the plaintiff to turn back by his repeating his representations, and stating that if the neighbors did not say it was worth $33 per acre, it should be no trade; that, relying upon said representations, the contract was entered into; that said representations were false in this, that the land was not of the character and quality of soil given, but was cold beech land—was not of the value stated, but was worth only $18 per acre, and that such is the opinion of the neighbors, and he had not been offered $32 per acre; that urgent business called him immediately to his home in *Kentucky,* and he had no opportunity for some three or four months of either inquiring about or going to see said land, at which time he ascertained the truth in regard to it, and demanded a rescission of said contract, etc.

A demurrer was sustained to this answer, which presents the only point in the case.

It appears to us that there are averments set forth in this answer of affirmative representations of matters of fact, which, if relied upon by the defendant, and found to be untrue, would very much prejudice his rights and interests. It is alleged they were relied upon, and are untrue.   Under the circumstances, we do not see any want of diligence and care upon the part of the defendant.   When he was attempting to seek information as to the quality, etc., of said land, it is alleged he was turned from his purpose by the plaintiff.   The demurrer should have been overruled. *Gordon* v. *Cowger*, 4 Blackf. 110; *Id.* 231; *Cravens* v. *Kiser*, 4 Ind. 512; *McFerrin* v. *Taylor*, 3 Cranch, 270.

*Per Curiam.*—Judgment reversed.

*Eckles & Scott*, for appellant.

*Williamson & Daggy*, for appellee.