ALICE BROOKS

*vs.*

ELIZABETH HAMILTON.

While an innocent misrepresentation by mistake can never be made the ground of a personal action for fraud, it may operate upon the contract itself to such an extent that a court of equity will rescind an executed contract.

A court of equity will not rescind a deed on the ground of an innocent misrepresentation by mistake, and in the entire absence of fraud where the rule *caveat emptor* applies.

The rule *caveat emptor* applied to a certain state of facts.

Certain facts stated in a complaint considered with reference to their sufficiency to constitute a cause of action for the rescission of a deed of conveyance; and the insufficiency of such facts for that purpose determined.

This action was brought in the district court for Hennepin county, to cancel and set aside a deed for certain real estate executed by the defendant to the plaintiff, and to compel the defendant to receive a reconveyance of the premises, and repay the plaintiff the purchase money, with interest. A general demurrer to the complaint was interposed, which was overruled by the court below, and from the order overruling the demurrer the defendant appeals to this court.

A sufficient statement of the complaint and cause of action, appear in the opinion of the court.

ATWATER & FLANDRAU for Appellant.

I.—The complaint shows that the contract between the

Brooks v. Hamilton.

plaintiff and defendant, was completely executed by payment of money and execution of a deed. The plaintiff seeks to rescind the contract, on the ground of a partial failure of consideration. Courts will not rescind executed contracts, on such ground, (where no fraud is alleged,) but the plaintiff's remedy, if any, is an action for damages. *Kent's Com.*, *Vol.* 2, *p.* 471, (*side paging*) *and authorities cited; Whitney vs. Lewis*, 21 *Wend.*, 131; *Abbott vs. Allen*, 2 *Johns. Ch. R.*, 519; *Phillips vs. Bruce, Anth. N. P.* 123; *Woodruff vs. Bunce*, 9 *Paige*, 443; *Franklin vs. Miller*, 4 *Adolph. and Ellis*, 599.

II.—The statements alleged in the complaint, on the part of defendant, as to the location of the land, are mere representations of her opinion on the subject. There is no claim whatever, that the defendant knew them to be false, and the plaintiff does not claim there was any fraud on her part, nor that she stated anything more than what defendant believed to be true, as to the location of the premises.

Where no warranty is alleged, no covenants taken to secure the title, and no fraud is alleged, courts will never interfere to protect the purchaser against his own negligence, not even to compensate in damages—much less to rescind the contract, and recover the whole consideration. *Frost vs. Raymond*, 2 *Caines*, 188; *Abbott vs. Allen*, 2 *John. Ch.*, 519; *Chesterman vs. Gardner*, 5 *Johns. Ch. R.*, 29; *Gouverneur vs. Elmendorf*, 5 *John. Ch. R.*, 79; 1 *Smith's Lead. Cases, Chandelor vs. Lopus, p.* 77, (*side paging*) *and authorities cited ; Tallman vs. Green*, 3 *Sand.*, 437; 2 *Sand, Ch. R.*, 344; *Barkhamsted vs. Case*, 5 *Conn.*, 528; *Wardell vs. Fosdick*, 13 *Johns.*, 324, *and Monell vs. Colden, id.* 395, *placed expressly on the ground of fraud ; Sweet vs. Colgate*, 20 *Johns.*, 196; *Faribault vs. Sater et al.*, 13 *Minn.*, 223.

III.—But the plaintiff shows in her complaint, that she

was living upon the premises, and in the house situated on
the land, previous to, and at the time of the purchase. She
could by the use of the most ordinary diligence and examin-
ation, have determined whether the description in the deed,
embraced the land which the defendant represented that she
owned. Not having done so, she has no ground whatever,
to ask a court of equity to relieve her against the conse-
quences of her own gross negligence. The rule *caveat emptor*
applies, and we aver with confidence, that not an authority
can be found where a court has granted relief in a similar
case, no fraud being charged, or proved. 2 *Parsons on Con.*
271, *and note et seq; Taylor vs. Fleet,* 4 *Barb.* 95; *Story's
Equity Juris.* § 146; *Sugden on Vend.* 2, 3.

IV.—The complaint sets out a contract for the sale of
land, reduced to writing (by deed,) and executed. This
contract cannot be varied by parol evidence, unless on the
ground of fraud, or something more than is stated in this
pleading to take it out of the general rule governing con-
tracts of this kind. *Van Ostrand vs. Reed,* 1 *Wen.* 424;
*Mumford vs. McPherson,* 1 *Johns.* 413; *Dean vs. Mason,*
4 *Com.* 432; *Schurmeier vs. Johnson,* 10 *Min.* 319; *Russell
vs. Schurmeier,* 9 *Min.* 28.

V.—The complaint does not show sufficient to enable the
plaintiff, even, to recover damages—much less, to rescind the
contract. It does not state that the property conveyed by
defendant, was not worth the money paid by plaintiff, but
only, that it was worth some $2,000 less than it would have
been, had the plaintiff obtained what she alleges she sup-
posed she was getting. She does not show that she has sus-
tained any actual loss. Even to recover damages, the plain-
tiff would have to show, that the property actually deeded
was worth less than the price paid. And with much great-

er reason, must she be required to show this to rescind the entire contract, and recover back her money.

CORNELL & BRADLEY, for Respondent.

The complaint states a good cause of action. It is unnecessary to allege that defendant knew that her representations were false. If an express representation proves to be untrue, it is immaterial whether the party making it knew it to be untrue or not. It operates as a practical fraud upon the party who relies upon it. *Story's Eq. Juris* § 193; *Kent's Com. vol.* 2, *p.* 476 *and cases cited; Bradley vs. Bosley,* 1 *Barb. Ch R.* 125 ; *McFerran vs. Taylor & Massie,* 3 *Cranch.* 270.

*By the Court*—MCMILLAN, J.—This action is brought to cancel and set aside a deed of conveyance for certain real-estate, duly executed by the defendant to the plaintiff, and to compel the defendant to receive a reconveyance of the premises, and to repay the plaintiff the purchase money with interest.

The complaint alleges : that in September, 1855, the plaintiff was living and residing upon a certain tract of land situate on the shore of Lake Calhoun, in the county of Hennepin, a good part of which was enclosed by a fence, and whereon was a good and valuable dwelling house and other improvements ; that said dwelling house was located upon a pleasant bluff, or swell of ground, a short distance back from said lake, overlooking said lake, and commanding a fine and agreeable prospect, and in an enclosed field: save on the side next to the lake ; that the line of said enclosed field, westerly from said dwelling house, was indicated by a fence, commencing at or near the shore

of said lake, and extending back therefrom to the back end of said tract, and at a distance from said house of near fourteen rods; that the whole of such land between said house and said fence, was in cultivation and actually occupied by plaintiff; that at the said starting point by said fence, on the shore of said lake, was a stake resembling a monument stake; that said defendant represented to said plaintiff, and to one Emma R. Still, her, plaintiff's, duly authorized agent in that behalf, that said tract of land whereon she was then so residing, contained about eleven acres, and that she was the lawful owner thereof; that said tract embraced and included the whole of the enclosed bluff whereon said house was built; that said tract had been theretofore surveyed out, and that said stake hereinbefore mentioned as resembling a monument stake, was, in fact, the corner stake of her said tract, and that the said fence running thence back from the lake, was the line fence, and indicated the true boundary on that side of said tract; that said defendant also pointed out to said plaintiff and her said agent, a stake on the shore of said lake, which she represented as the northeast corner of said tract; that the plaintiff being desirous of purchasing a pleasant summer residence on the border of said lake, and being pleased with the location of said tract as pointed out and represented by defendant, was thereby induced to purchase the same of the defendant at the price of three thousand dollars, and did by her said agent so purchase the same at said price, in the full belief that said representations so as aforesaid made by said defendant to her and her said agent in regard to the location of said premises and said line fence and said corner stakes, were true, and did then and there pay defendant the said sum of three thousand dollars, and took from her a warranty deed, by her duly executed and acknowledged, of what the plaintiff supposed to be the same

Brooks v. Hamilton.

tract which defendant had represented to her and her agent that she owned.

The complaint also sets out the description of the premises as contained in the deed, and avers that the defendant represented and the plaintiff fully believed, that such description fully corresponded with the boundaries of said tract as represented and pointed out by defendant as aforesaid to her; that in fact the tract conveyed does not so correspond; that neither the corners of said tract on the lake correspond with the corners as pointed out by the defendant; that the fence represented as a line fence, and indicating the true boundary of said tract on the westerly side of said house, does not correspond with such line or true boundary, but the corners are, in fact, fourteen rods, further east on the lake shore than represented, and the real line constituting the western boundary of said tract is also fourteen rods further east than the said fence, and actually runs through said dwelling house; the tract conveyed does not embrace the pleasant bluff, or elevated piece of ground, plaintiff supposed and believed she was purchasing, but only a small portion of it, and is principally low ground, and much less desirable and valuable as a place of residence, or otherwise, than the tract defendant represented she was selling; that the difference in value between the tract conveyed and the tract agreed to be conveyed is at least two thousand dollars.

To constitute a fraudulent representation, the party making the representation must know that it is untrue, ( 1 *Story's Eq*. § 192,) or must represent that as true of his own knowledge which is not true, but. as to the truth or falsity of which he has no knowledge; (*Rawle on Cov. for title p*. 161, *note* 1 *on pg*. 622, *and authorities cited;*) or must represent that as true which is false, and the truth or falsity of which he is presumed to know, and is therefore estopped

to deny that he knew it was false.    *Stone vs. Derney,* 4 *Met.* 154.

If, as a matter of pleading, it is not essential to introduce into the complaint a formal or general allegation of fraud, it is, at least, necessary that facts be alleged from which the law will infer fraud, where that element is an essential ingredient in the action.

In the complaint in this case there is no allegation that the defendant at the time of the conveyance had not, and has not still a good title to the premises about which the parties were negotiating, and which defendant represented she owned, and of which the plaintiff was in the actual occupancy and possession; nor does it appear that any of the representations made by the defendant as to the survey of the said premises or the lines thereof, were untrue, in fact; nor that there is any defect of title to any portion of the premises actually conveyed, or any incumbrance thereon: the only representation made by the defendant which the plaintiff alleges is not true is the following : after setting out at length the description of the premises as contained in the deed, the complaint avers, " that the defendant represented, and plaintiff fully believed that such description fully corresponded with the boundaries of said tract as represented and pointed out by defendant as aforesaid stated to her, said plaintiff, and her said agent."    There is no allegation that this representation was wilfully false on the part of the defendant, or that the defendant did not at the time believe it to be true; nor do the facts show that she had not at the time reasonable ground for believing it to be true; in short, there is nothing to show that the defendant was not honestly mistaken in the representation which the plaintiff alleges is in fact untrue.    There is then no fraud in the transaction, and the ground upon which the rescission of the contract is

Brooks v. Hamilton.

sought is not a defect in the title to any part of the premises described in the deed,-nor an incumbrance on any part thereof, but a mere mistake in the identity of the subject of the conveyance, by which a strip of land fourteen rods wide along the west side of the premises was omitted, which should have been embraced in the deed, and a strip of the same width on the east side of the premises was conveyed which was not intended to be embraced in the deed, both parties honestly believing that the description in the deed was a correct description of the land intended to be conveyed.

It is true that "an innocent misrepresentation by mistake can never be made the ground of a personal action for fraud," but it may operate upon the contract itself to such an extent that a court of equity will rescind the contract; but that will only be the case when the error between the parties is of such a nature and character as to destroy the consent necessary to the validity of the contract: (*Rawle on Cov. for Tit.* note 1 on pg. 621; 2 *Kent's Com.* 471; 1 *Story's Eq.* § 142;) and the rule is further qualified so that it embraces only cases to which the rule *caveat emptor* does not apply, for as has been well said, "there is no part of the jurisdiction of a court of equity, which requires to be executed with more caution than that of rescinding a contract," and equity does not tolerate negligence or encourage carelessness, and will only exercise its powers in behalf of the diligent. *Story's Eq. Jur.* § 146.

Assuming, for the purposes of the case, that upon the facts alleged, owing to the difference in value and location of the premises conveyed, from those which the plaintiff supposed she was obtaining by the deed, the mistake in the conveyance is of such a substantial character as would, under the rule laid down, invalidate the contract if there were no want

of diligence, we think the plaintiff is not entitled to the relief sought.    It is distinctly alleged in the complaint of the plaintiff that at the time of this transaction she was living and residing upon the premises which were the subject of negotiation, and cultivating and occupying the same.    The land described in the deed is part of the land formerly belonging to and surveyed by the United States Government. The initial point in the boundary of the premises is at a corner of one of the governmental subdivisions according to such survey, and together with the remaining boundaries is plainly and distinctly identified and described.    The plaintiff was certainly familiar with the premises and locality, and had ample opportunity and facilities for ascertaining whether the land conveyed was identical with that in her possession, and the initial point in the deed being the corner of a governmental subdivision, could have been ascertained without difficulty, and the locality of that point alone, as is apparent from the complaint, would have been sufficient to determine the variance between the land conveyed and that intended to be conveyed, and so far as the parties themselves are concerned, they are on an entire equality with reference to each other; under these circumstances, with entire good faith on the part of the grantor, we think the rule *caveat emptor* applies; that the plaintiff was required to exercise diligence in ascertaining the correctness of the description in the deed, and was guilty of negligence in not doing so, and equity cannot relieve her by rescinding the contract. *Clark vs. Baird*, 7 *Barb.*, 65.

The case of *Bradley vs. Bosley*, 1 *Barb. Ch. R.* 125, was entirely different from this, and fraud was distinctly charged in the bill.    *McFerran vs. Taylor & Massie*, 3 *Cranch*, 270, was not upon an executed contract; the lands were in a distant locality; the purchaser unacquainted with them, and

had no reasonable opportunity of ascertaining their locality or quality.

The remarks of Judge Story and Chancellor Kent, in their respective commentaries, do not conflict with the position we have taken, but as we have endeavored to show, directly sustain it; and we think in all the cases in which conveyances of land have been rescinded at the instance of the grantee, in the absence of fraud, it will be found that the purchaser was unacquainted with the premises, and had no reasonable opportunity of informing himself in regard to their quality, locality, or boundaries.

The demurrer, we think, was well taken. The order overruling the demurrer is reversed.