Equitable Trust Co. v. Milligan.

---

### EQUITABLE TRUST COMPANY OF NEW LONDON *v.* MILLIGAN.

[No. 3,815.   Filed January 6, 1903.   Rehearing denied February 4, 1903.   Transfer denied April 10, 1903.]

VENDOR AND PURCHASER. —*Failure of Title.*— *Boundaries.*— *Caveat Emptor.*—Where a vendor in possession and claiming to be the owner of a tract of land, pointed out the lines and corners thereof to a prospective purchaser and thereby induced him to purchase the same at an agreed price, and after the delivery of the deed and the payment of the purchase money it was discovered that the deed did not cover the entire tract so pointed out and described, and that the vendor's title did not cover the entire tract, the purchaser may recover the pro rata value of the portion of real estate omitted from the deed.   *pp. 21-23.*

VENDOR AND PURCHASER.—*Contract.*—*Merger.*—*Evidence.*—Where a vendor pointed out the boundaries of a tract of land to a purchaser and afterwards executed a deed which did not cover the entire tract so pointed out, oral evidence of the statements made by the vendor is admissible to show that the deed did not cover the entire tract purchased. *p. 24.*

JUDGMENT.—*Clerical Error.*—*Appeal.*—A judgment for damages for failure of title to a portion of real estate purchased by plaintiff will not be reversed because of an error of forty-five square feet in the calculation of the number of square feet omitted from the description in the deed, where the value of the land so omitted was found in the aggregate, and not per square foot. *p. 25.*

From the Superior Court of Marion County; *J. L. McMaster*, Judge.

Action by Harry J. Milligan against the Equitable Trust Company of New London. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*D. M. Bradbury* and *F. W. Ballenger*, for appellant.
*H. J. Milligan*, for appellee.

ROBY, C. J.—Action by appellee against appellant. Special finding of facts and conclusions of law thereon. Judgment for $1,391.45. It appears from the special findings that appellant was in possession, claiming ownership, of that part of outlot eighty-two, in the city of Indianapolis, designated on the following plat by the letters E, H, D, B.

Appellee was shown the land by a real estate agent, representing appellant, who stated to him that the lot was 60 feet wide on Washington street and 135 feet deep, and that

the south boundary was the line of the railroad right of way. He called attention to this boundary as an inducement for the appellee to purchase, and stated that by reason of the lot abutting upon the railroad it had an additional value. Appellee had no other information, and believed and relied upon such statements. The agent acted honestly, and without fraudulent purpose. Appellant's title was based upon a mortgage foreclosure. It furnished appellee an abstract the description in which followed the description carried through the proceedings. The title, as shown by the abstract, proving satisfactory, appellee purchased the land, as he supposed, included in the tract above designated, receiving a deed therefor with special covenants amounting to a quitclaim, in which the description contained in the abstract was inserted. He took possession thereunder, and paid the agreed price of $16,500. Some six months later he discovered that the land described in such deed, and the only part of said lot to which appellant had any record title, was the tract designated on the plat by the letters A, C, E, H; leaving that portion of said lot designated by the letters A, B, C, D, undisposed of. Appellant, as well as its agent, believed that the description contained in the deed covered the entire tract.

The court found specially that at the time of the purchase appellant was in possession of both brick buildings upon said lot in their entirety, and of the tract designated on the cut by the letters S, C, D, T, but that there was no evidence of possession by anyone of the triangular tract south of the building and designated by the letters B, T, V, W, Y, X. It was further found that appellant and its grantor and its grantee, the appellee, did hold adverse and continuous possession of all said lot except the last-mentioned portion thereof for more than twenty years prior to the commencement of the action; that appellee took possession thereof, claiming the same as of right by virtue of his deed from appellant; that the tract last mentioned, imme-

diately south of the building, had been vacant during all the time covered by the findings until after the conveyance to appellee, sometime after which he executed a quitclaim deed to a third party for a portion thereof, having in the meantime procured a quitclaim deed for the entire lot from appellant's grantor, who had no title to convey. It is further found that the evidence fails to show who has record title to the land south of the line AC, but that it was not held by appellant. The value of the entire tract was found to be $16,500; the value of that portion described in the deed $14,500; the triangular piece south of the building $950. The conclusions of law were that the appellee was entitled to recover the value of the last-mentioned portion of the lot with six per cent. interest from the date of the conveyance, amounting to $1,391.45, for which sum judgment was rendered, this appeal being taken therefrom.

The rule that the pleading must be good upon the theory adopted by the pleader has been frequently stated. *Miller v. Miller,* 17 Ind. App. 605. Determining the theory of the complaint from the facts stated therein, and not from the statements or admissions of the parties, as seems to be required (*American Wire Nail Co.* v. *Connelly,* 8 Ind. App. 398), and construing the complaint liberally (§379 Burns 1901), the complaint is held to state facts sufficient to constitute a cause of action.

"If a person sell real estate simply by the description contained on the face of his title papers, he is not accountable for its location, its lines, etc.; but if he undertake to point out to the purchaser the lines, or the place where it lies, or its improvements, he does it at his peril. If he make a mistake it is at his own loss. The rule *caveat emptor* can not apply. When the vendor undertakes to point out and show the particular premises, the lines, the improvements, etc., to the vendee, the law implies a warranty that he is pointing out and showing the true and identical

premises, lines, improvements, etc., that he is selling; and if he make a mistake he must be accountable." *Cowger* v. *Gordon*, 4 Blackf. 110; *Port* v. *Williams*, 6 Ind. 219; *Campbell* v. *Frankem*, 65 Ind. 591.

"He who sells property on a description given by himself, is bound to make good that description; and if it be untrue in a material point, although the variance be occasioned by a mistake, he must still remain liable for that variance." *McFerran* v. *Taylor*, 3 Cranch 270, 2 L. Ed. 436.

Appellant contends that *Cowger* v. *Gordon, supra,* and *Campbell* v. *Frankem, supra,* were incorrectly decided. The cases have not been overruled, and are, therefore, followed. The criticism made upon them is that the contract between the parties having been reduced to writing, previous oral negotiations are merged therein, and that the terms of the agreement can not be made to appear otherwise than by reference to the writing. The general proposition is well settled, but it does not prevent proof of collateral independent parol agreements between the parties prior to or contemporaneous with the time of the writing, while fraud and mistake may always be shown. The doctrine of merger in nowise applies to them. *Allen* v. *Lee*, 1 Ind. 58, 48 Am. Dec. 352; *Page* v. *Lashley*, 15 Ind. 152; *Carver* v. *Louthain*, 38 Ind. 530; *Maris* v. *Iles*, 3 Ind. App. 579; *Tyler* v. *Anderson*, 106 Ind. 185.

Facts averred are sufficient to show payment of money made under a mistake of fact, induced by vendee. *Solinger* v. *Jewitt*, 25 Ind. 479, 87 Am. Dec. 372; *Fleetwood* v. *Brown*, 109 Ind. 567; *Tyler* v. *Anderson*, 106 Ind. 185; *Hays* v. *Hays*, 126 Ind. 92, 11 L. R. A. 376.

Where there is partial failure of title, the damages recoverable bear the same proportion to the whole purchase money as the value of the part to which title fails bears to the value of the whole property. *First Nat. Bank* v. *Colter*, 61 Ind. 153; *American Cannel Coal Co.* v. *Seitz*, 101

Ind. 182; *Moorehead* v. *Davis,* 92 Ind. 303; *Hoot* v. *Spade,* 20 Ind. 326; *Mooney* v. *Burchard,* 84 Ind. 285.

The burden was upon the appellee. The finding shows that as to the tract south of the building (B, T, V, W, X, Y) he received no title either by deed or possession. As to the residue of the land south of the deed line AC, he did receive possession from appellant. Whether he thereby acquired title or not is not determinable from the record. The judgment is correctly based upon the failure of title to that part of the tract south of the building above referred to.

A further question is made upon the motion for a new trial. Appellant's counsel contend that the dimensions of the tract referred to show that its area is incorrectly estimated. The area, as stated in the findings and as shown by the testimony of the only witness who testified upon the subject, was 397 square feet. Appellant's counsel state that its true area is 315.75 square feet, supporting the assertion with elaborate computation which should have been presented to the trial judge. The actual error in the computation is less than forty-five square feet, and, in view of the finding that the value of the tract was $950, we are not disposed to direct a new trial.

Judgment affirmed.