CRAVENS v. KISER.

Where land is sold by metes and bounds, and is estimated to contain a specific quantity, or is for such quantity "more or less," and a gross sum is paid for the entire tract, the general rule is that the vendee will not be entitled to an abatement in price should the number of acres fall short of the estimated quantity.

This rule is not, however, applicable where there is any fraud or concealment on the part of the vendor.

Where, through the fraud of the vendor, the purchaser gets less than the estimated number of acres, the sum to be deducted by reason thereof is the value of the deficiency.

Monpnñ,
December 12.

APPEAL from the *Ripley* Circuit Court.

DAVISON, J.—*Cravens* sued *Kiser* in assumpsit on two promissory notes, each for 93 dollars. The notes were payable to one *William S. Wilson* and by him assigned to the plaintiff. The defendant pleaded the general issue and four special pleas, upon which issues were made. Under the issues, the defence set up was, first, that the consideration of the notes had failed; second, that they were obtained from the defendant by *Wilson* by fraud, &c. Verdict for the defendant. Motion for a new trial overruled, and judgment on the verdict.

By the evidence it appears that in *July*, 1846, the defendant purchased of said *Wilson* a tract of land in *Ripley* county, and also personal goods valued at 150 dollars, for the whole of which he agreed to pay him one thousand, three hundred and fifty five-franc pieces, viz: fifty in hand; one thousand when a deed for the land was made; and the residue in three equal annual instalments. Just before the sale, the vendor represented to the defendant that the tract contained one hundred and forty acres: he said there might be five acres more or less. To this the defendant replied that he cared nothing for five acres. When the parties met to close the contract, a deed was drawn up which merely designated the boundaries of the land, without setting out any number of acres. The defendant insisted that the deed should call for one hundred

and forty acres. *Wilson*, in reply, said, he never would agree to have any number of acres specified in the deed; that the consideration agreed on was his price for the land. If the tract contained only half that number of acres, he would take no less for it. Thereupon the parties agreed to insert in the deed, immediately after the description of the land, these words: "supposed to contain one hundred and forty acres, be the same more or less." The deed was accordingly executed. The defendant paid *Wilson* one thousand five-franc pieces, and gave him three promissory notes, each for 93 dollars, and due respectively in one, two and three years. The last two are the notes sued on. It was proved that *Wilson* originally owned in one tract two hundred and seventy acres, out of which he had conveyed to divers persons one hundred and sixty-nine acres. The residue constituted the entire tract sold to the defendant. Upon actual survey, the land conveyed to him was found to be one hundred and four acres and eighty-seven hundredths. When it was conveyed to the defendant, it was believed to be worth 10 dollars an acre.

The Court, at the instance of the defendant, instructed the jury that, "In determining whether the consideration of the notes has failed, they should look to the contract in which they were given, and though one hundred and four acres may be worth all that *Kiser* agreed to pay for one hundred and forty acres, still if *Wilson* practiced a fraud on *Kiser*, and by reason thereof he did not get the quantity of land he was entitled to under his contract, the sum to be deducted is a sum equal to the value of the deficiency."

The general rule is, that where land is sold by metes and bounds, and estimated to contain a specific quantity, or for "more or less," and a gross sum is paid for the entire tract, the vendee will not be entitled to an abatement in price, should the number of acres fall short of the estimated quantity. But this rule is not applicable where there is any fraud or concealment on the part of the vendor. It is true the deficit in quantity might be so great

as to authorize the inference that the seller acted in bad faith; still such abatement must proceed on the ground of his fraudulent conduct.

It has been said that, "if through fraud or palpable mistake, more or less land should be conveyed than was in contemplation of the vendor to part with, or the purchaser to receive, the injured party will be entitled to relief." *Young* v. *Craig*, 2 Bibb 270. In the case before us, the jury were authorized to infer from the evidence that *Wilson*, when he represented the tract to contain one hundred and forty acres, must have known his representation to be incorrect. It is insisted that what he said when the deed was made, viz., "that he would take no less for the tract if it did not contain half that number of acres," was sufficient to put the defendant upon inquiry, and indicated an intention not to mislead him. Fraud often lurks under just such expressions. The words used by the vendor were not a proper disclosure of what he in reality did know relative to the quantity of land. He was, therefore, guilty both of misrepresentation and concealment. And, moreover, he consented that the deed should be made to correspond, in effect, with his previous representations. We think it was sufficiently proved that *Wilson* intentionally misrepresented the number of acres constituting the tract.

But it remains to be considered whether the Court instructed the jury correctly. It is contended that the land in question, at the time of the sale, was in value equal to the sum agreed to be paid for it, and that, therefore, it should not be said that the consideration had failed. That position might be sustained, had the transaction been untainted: under the circumstances of this case it is not tenable. The price agreed on by the parties must be considered the actual value of the premises when they were purchased.

The law extends no favor to a fraudulent party. Whatever consequences follow his want of good faith, should rest upon his own head. The defendant was entitled to the full benefit of his contract; to an allowance com-

mensurate with the injury resulting from the fraud practiced upon him. By misrepresentation he was induced to believe that the tract contained one hundred and forty acres, when, upon actual survey, a deficiency of at least thirty-four acres was shown. It follows that an amount equal to the value of the deficit should be deducted from the notes. The jury, in our opinion, were properly instructed.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Ryman,* for the appellant.

*E. Dumont* and *I. W. Robinson,* for the appellee.