*J. Sullivan* and *C. E. Walker,* for appellee.

---

SOLINGER *v.* JEWETT.

VENDOR AND PURCHASER.—MISTAKE.—Where in a contract for the sale of land there has been a gross mistake as to quantity, and the complaining party has not been guilty of any fraud or culpable negligence, nor has otherwise impaired the equity resulting from the mistake, he is entitled to relief, whether the contract be executed or executory.

APPEAL from the *Tippecanoe* Common Pleas.

RAY, J.—This is an action by the appellee to recover money alleged to have been paid to the appellant under a mutual mistake of facts. It is charged that the appellant sold a farm to the appellee at $22 per acre, estimating the quantity of land sold at 181 acres, making $3,982. The land is described in three distinct parcels, and one of these is described as "containing 121 acres, more or less," but contained in fact but 84 and 31-100 acres. The answer is a general denial, with an averment that the land was sold for a gross sum, and that the appellee had an equal or better opportunity for information, and was as well informed as to the quantity of the land as the appellant; that upon the "tract

book, in the office of the auditor of said county, the said tract was marked as containing said quantity of 121 acres, and had been so described in subsequent deeds, and the appellant so conveyed the land, "each party taking the risk of winning or losing by a surplus or deficit." The jury returned a general verdict for the appellee, and, in answer to interrogatories, found that the land was sold as described in the original government surveys, by the acre; that there was no fraud or deceit willfully practiced upon the appellee at the time of the sale, with regard to the number of acres contained in the several tracts of land mentioned in the deed; that the appellee was influenced in his opinion as to the quantity of land purchased by the original surveys, and not by any act or word of the appellant, knowingly, and that the appellant had no knowledge by actual measurement or otherwise of the exact number of acres; that the words "more or less," in the deed, qualifying the quantity, were used without fraud or deceit; that both parties were alike ignorant of any deficiency in the number of acres of land contained in the several tracts sold and conveyed, but they both estimated the quantity at 181 acres, and neither party contemplated or expected that there would be a loss of more than 36 acres, but the estimate of 181 acres was through the "gross mistake" of both parties; that the appellant, at the time of the execution of the deed, insisted upon being paid for 181 acres of land, at the rate of $22 per acre, and that the appellee did not discover the deficiency until he had made full payment.

The appellant moved for judgment upon the special finding, and excepted to the action of the court in overruling his motion, and rendering judgment for the appellee.

In the case of *Harrison* v. *Talbott*, 2 Dana 258, Chief Justice ROBERTSON, after a somewhat careful review of the decided cases involving the principles decisive of this case, deduces from them the following rule: "When it is evident that there has been a gross mistake as to quantity, and the complaining party has not been guilty of any fraud or

Solinger *v.* Jewett.

culpable negligence, nor has otherwise impaired the equity resulting from the mistake, he may be entitled to relief from the technical or legal effect of his contract, whether it be executed or only executory." This we regard as the rule in equity, and the special finding in this case brings it clearly within the rule. The jury expressly find that the deficiency of 36 acres in a tract said to contain 121 acres, more or less, was not contemplated by the parties to the contract, but was the result of the "gross mistake" of both parties.

In the case of *Quesnel* v. *Woodlief et al.*, decided by the Court of Appeals of *Virginia*, and reported in 2 Henning & Munford 173, the tract of land sold was estimated as containing 800 acres, but was found afterward to comprise but a little over 608 acres, "so that," in the language of the court, "both parties were mistaken in the quantity and number of acres contracted for, and the mistake ought to be rectified in a court of equity, and the appellant allowed a deduction from the price agreed by him to be given for said land for the deficiency in quantity, that deficiency being too great for a purchaser to lose under an agreement for a reputed quantity, notwithstanding the words 'more or less,' inserted in the deed, which should be restricted to a reasonable allowance for small errors in survey and variations in instruments."

Again, in *Campbell's Executors* v. *Wilmore*, 6 J. J. Marshall 209, where a tract of land had been sold and conveyed as containing 124 acres more or less, and it was subsequently ascertained to contain 132 acres, a judgment was ordered for the additional eight acres, at the price per acre at which the land had been sold. Mr. Justice WASHINGTON observed, in the case of *Thomas* v. *Perry*, 1 Peters' C. C. R. 49, "that when the land sold is said to contain about so many acres, both the grantor and grantee consider these words as a representation of the quantity which the grantor expects to sell and the grantee to purchase. The words more or less are intended to cover a reasonable exception or deficit. If the

difference between the real and the represented quantity be very great, both parties act obviously under a mistake which it would be the duty of a court of equity to correct." So in *Putnam* v. *Hill*, 2 Rus. 520, and *Hill* v. *Buckley*, 17 Ves. 395, this rule is recognized.

We are referred to the case of *Faure* v. *Martin*, 3 Seld. 210, as conflicting with this rule. That case is reviewed by the court which pronounced that opinion in the later decision of *Belknap* v. *Sealey*, 4 Kernan 143. It is there said, that "the case in this court of *Faure* v. *Martin*, throws no light upon the question. There the agreement was to sell a certain farm, described as containing 96 acres, be the same more or less, at the price of $60 per acre. The contract was afterward consummated by a conveyance, describing the quantity in the same manner, and a mortgage was taken for part of the purchase money, computed on the number of acres specified, at $60 per acre, precisely according to the agreement. The actual quantity was ascertained to be only 86 acres, and the suit was brought to stay the foreclosure of the mortgage, after tendering the amount due, with a deduction for the deficiency. The plaintiff offered to prove that there was a mistake in respect to the quantity, induced by the false and fraudulent representations made, both when the agreement and deed were executed. But the fatal objection to the proof and to the suit was, that the complaint alleged neither mistake nor fraud in the agreement, leaving the question one of construction purely, and the construction was held to be that the sale was in bulk, and that the number of acres and the sum to be paid per acre were specified only as a mode of arriving at the price in gross. The proof offered was rejected distinctly on the ground that it was inadmissible under the pleadings, and on that ground the cause was decided. I need not say that the construction of a contract is one thing, and the question whether it should be rescinded, or relief granted against it on the ground of fraud or mistake, is quite another."

The case of *Ketchum* v. *Stout*, 20 Ohio 453, was decided

against the complainant and relief was refused, on account of the want of equity in the complaint. In deciding the case it is said, "it seems to the court that the equity of the case is with the defendant." A court of equity would therefore of necessity dismiss the bill.

Nor can we regard the distinction, sometimes referred to in discussing this question, between executory and executed contracts as existing. Such a distinction cannot be sustained upon principle, for the power of a court of equity to grant relief from fraud or mistake in a contract has never been thus restricted, nor do the decisions in this class of cases thus limit it. We have already cited cases where relief has been granted after the deed had been executed. In our opinion the court committed no error in overruling the motion by the appellant for judgment upon the special findings, and in rendering judgment for the appellee.

The judgment is affirmed, with one-fourth of one per cent. damages and costs.

GREGORY, J. was absent in this case, having been of counsel.

J. A. Stein and G. O. & A. O. Behm, for appellant.
R. C. Gregory, for appellee.