LANGSDALE ET AL. *v.* GIRTON, EX'R.

EXECUTOR.—*Demurrer.*—The right of a plaintiff to sue as an executor cannot be questioned upon demurrer to the complaint.

PLEADING.—*Fraudulent Representations.*—When it is intended to found a pleading upon fraud perpetrated by means of false representations made by a vendor to his vendee concerning the thing sold, the pleading must allege that the representations were fraudulently made.

SAME.— *Vendor and Purchaser.*—*Deficiency in Land Sold.*—In an action on a promissory note, an answer alleging that it was given in part payment for a certain number of acres of land, and that, instead of there being that number, there were lacking a certain number of acres, of a certain value, greater than the amount of the note, and that, therefore, the consideration of the note had failed, was held bad on demurrer.

From the Shelby Circuit Court.

*H. Whitcomb* and *C. & G. M. Wright,* for appellants.

*O. J. Glessner,* for appellee.

DOWNEY, J.—Action by the appellee, as executor of the will of Jacob Girton, deceased, against the appellants, Joshua Langsdale and John Hughes, on a promissory note for twelve hundred dollars, executed by the appellants to said deceased. There was a demurrer to the complaint, which was overruled by the court.

The defendants answered in two paragraphs, to both of which demurrers were filed by the plaintiff, and sustained by

the court. The defendants not answering further, there was judgment for the plaintiff.

The paragraphs of the answer are as follows:

" 1. The defendants, for answer to the plaintiff's complaint, say that the note described in the complaint was executed to Jacob Girton, the plaintiff's testator, for a certain mill and appurtenances, and for no other consideration whatever; that the entire sum agreed to be paid for such property was four thousand two hundred dollars, and that the same has been paid, except the note sued on; that, to induce the defendants to purchase said property, the plaintiff's testator did represent to these defendants that the machinery of said mill was in good working condition, that the same was in such condition as to properly manufacture good merchantable flour; that the said Jacob Girton did also represent that the timbers of said saw-mill, being part of the property purchased, and for which the note sued on was given, were sound; whereas, in truth and in fact, said timbers, being those hidden and not exposed to view, were rotten and unsound, which rottenness and unsoundness the defendants were not able to discover. And the defendants further show that said mill and appurtenances were purchased, as the plaintiff well knew, for the purpose of a flouring mill and saw-mill, and said Jacob Girton represented that they were reasonably fit for said purpose, when, in truth and in fact, they were not reasonably fit for such purpose. The defendants show that they relied upon the representations aforesaid, and, upon the faith thereof, executed said note. The defendants show that, because of the defects aforesaid, because of the false and fraudulent representations of said plaintiff, they have been damaged in the sum of three thousand dollars, and offer to set off against said note the amount thereof, and for the residue thereof demand judgment.

" 2. For further answer, defendants say that the note sued on was given for certain mill property and forty-two acres of land, and the note was given in part payment for forty-two

Langsdale *et al. v.* Girton, Ex'r.

acres of land; that whereas, instead of there being forty-two acres, there are but thirty, and the twelve acres lacking were well and reasonably worth fifteen hundred dollars; and the defendants therefore aver that the consideration of the said note has wholly failed."

The errors alleged are the overruling of the demurrer to the complaint, and sustaining the demurrers to the paragraphs of the answer.

The objections made to the complaint are:

1. That it is not alleged that Jacob Girton, the payee of the note, is dead.

2. It is not alleged that the plaintiff probated the will of the deceased, and qualified as executor thereof.

3. It is not averred where Jacob Girton died, whether in the State of Indiana or out of it.

We think these objections are answered by the cases of *Nolte* v. *Libbert,* 34 Ind. 163, and *Kelley* v. *Love,* 35 Ind. 106. We hold that the complaint is sufficient.

We think the first paragraph of the answer is insufficient. It pleads the matter which it contains as a set-off, which it clearly is not. The matter, if good as a defence, should have been pleaded as a counter-claim or failure of consideration. But without deciding the question on this ground, we think the allegations of the paragraph are not such as make a defence on the ground of fraud.

It is not alleged that the representations were fraudulently made by the deceased. The paragraph, towards the close, says: "The defendants show that, because of the defects aforesaid, because of the false and fraudulent representations of the said plaintiff, they have been damaged," etc. This is not deemed by the court a sufficient allegation that the representations set forth, conceding them to be otherwise sufficient, were fraudulently made. The paragraph is not in the usual form of pleadings alleging fraud. It is customary to charge that the representations were falsely and fraudulently made.

The second paragraph of the answer is unquestionably bad.

It does not allege false representations or a warranty as to the quantity of the land, nor does it show that the land was sold by the acre.

In *Cravens* v. *Kiser*, 4 Ind. 512, it was said: " The general rule is, that where land is sold by metes and bounds, and estimated to contain a specific quantity, or for ' more or less,' and a gross sum is paid for the entire tract, the vendee will not be entitled to an abatement in price, should the number of acres fall short of the estimated quantity. But this rule is not applicable where there is any fraud or concealment on the part of the vendor. It is true, the deficit in quantity might be so great as to authorize the inference that the seller acted in bad faith; still such abatement must proceed on the ground of his fraudulent conduct."

The judgment is affirmed, with costs.