Filed April 16, 1886.

| 106 | 185 |
|-----|-----|
| 125 | 78 |
| 126 | 94 |
| 106 | 185 |
| 142 | 559 |
| 106 | 185 |
| 167 | 169 |

—————◆—————

No. 12,465.

## TYLER v. ANDERSON.

PROMISSORY NOTE.—*Principal and Agent.—Ownership.—Defences.*—Where the agent of the payee of a promissory note takes another note in renewal, and without the knowledge of such payee, or of the maker, makes the latter payable to himself, the original payee will be treated

as the owner of the latter, in an action brought thereon in the name of such agent, so that whatever defence the maker might have had thereto, as against such payee, will be available.

SAME.—An unsecured note, given in renewal of notes secured by mortgage, is subject to the same defences that might have been made to the original notes.

SAME.—*Pleading.*—*Failure of Consideration.*—*Want of Consideration.*—*Evidence.*—Facts constituting a total or partial failure of consideration can not be given in evidence under a plea of want of consideration.

DEED.—*Construction of.*—" *More or Less.*"—*Fraud.*—*Vendor and Vendee.*—It is a general rule, that where land is sold in lump, and for a gross sum, and there is no fraud, or misrepresentation or concealment that amounts to fraud, the words " more or less" in a deed, in connection with a description of land, are used to designate approximately the quantity of land within the given boundary, and, in the absence of contract, the quantity is regarded as part of the description. Where it appears by words of qualification, as " more or less," that the quantity of acres in the deed is mere matter of description, and not of the essence of the contract, the buyer takes the risk of the quantity.

SAME.—There may, however, be cases where the deficit in the quantity of land sold is so great as to authorize an inference of bad faith and fraud on the part of the seller.

SAME.—Although the deed contains the words " more or less" in the description of the land, the vendee will be entitled to an abatement in the purchase-price, as against the vendor and others with notice, or where the notes are not commercial paper, to the amount of any deficiency in the number of acres, where, by the fraudulent representations of the vendor as to the number of acres, he is induced to enter into a contract that he would not otherwise have entered into, and to pay or agree to pay more than he otherwise would have done.

SAME.—*Defence.*—*Contract.*—*Merger.*—Such a defence is not based upon the contract as evidenced by the deed, but upon the fraud of the vendor. The doctrine, therefore, of merger of all previous negotiations and representations, and of the contract in the deed, has no application to such a case.

SAME.—*Deficiency in Quantity.*—*Abatement of Purchase-Price.*—In an action to recover the purchase-price of land, an answer, which substantially recites that the amount to be paid for the land was arrived at by a calculation upon an agreed price per acre; that the vendor represented to the vendee that the tracts contained 320 acres; that she knew her representations to be false; that the vendee, in ignorance of the truth, believed, relied and acted upon such representations so made to him, and that the tracts in fact contained only 312½ acres, is sufficient on demurrer, and the vendee under such answer is entitled to an abatement from the purchase-price in proportion to the deficiency in the number

of acres, and this, notwithstanding the fact that the deed contained the words "more or less" in describing the quantity of the land.

From the Warren Circuit Court.

*C. V. McAdams* and *W. P. Rhodes*, for appellant.

*W. L. Rabourn*, for appellee.

ZOLLARS, J.—Suit upon a promissory note executed in 1882. The court below sustained a demurrer to the first paragraph of appellant's answer. That ruling is the only question presented for review here.

The substantial averments of that answer may be epitomized as follows: In 1874 appellant purchased of Ruth V. Anderson two tracts of land, and received from her two warranty deeds therefor, copies of which are made a part of the answer. In one of them the consideration is stated as the sum of $10,800, and the land is described as the N. E. $\frac{1}{4}$ and E. $\frac{1}{2}$ N. W. $\frac{1}{4}$, S. 24, T. 21 N., R. 10 W., containing 240 acres, more or less. In the other, the consideration is stated as the sum of $3,200, and the land is described as the E. $\frac{1}{2}$, S. W. $\frac{1}{4}$, S. 13, T. 21 N., R. 10 W., containing 80 acres, more or less. The contract of sale entered into by appellant and Ruth V. Anderson was, that appellant should pay for the 240 acres at the sum of $45 per acre, and for the other tract of 80 acres at the sum of $40 per acre, the sale and purchase being by the acre, and not for a gross sum.

Ruth V. Anderson represented to appellant that one of the tracts contained 240 acres, and that the other contained 80 acres. In fact, and by actual measurement, the tract represented as containing 240 acres contains but $235\frac{10}{100}$ acres, and the other contains but $77\frac{40}{100}$ acres. Appellant, believing and relying upon the representations as to the number of acres, made no measurement or survey of the lands, and paid part cash, and gave his notes for the balance of the purchase-money, calculated at $45 per acre for 240 acres, and $40 per acre for 80 acres. These notes were secured by a mortgage upon the lands. The deficiency in acreage was unknown to

him for several years after the sale and execution of the deeds, and until after the execution of the note in suit.

'At the time Ruth V. Anderson made the representations, she knew they were not true, and that the tracts of land did not contain as many acres of land as she had represented. The words " more or less " were inserted in the deeds without appellant's knowledge, and without anything being said concerning their use. On the day the note in suit was executed, appellee, as the agent of his mother, Ruth V. Anderson, settled with appellant. In that settlement it was found that appellant yet owed of the purchase-money $6,187. For the purpose of having the mortgage upon the lands released, he paid to appellee, as the agent of his mother, the whole of said amount except $300, and for that amount agreed to give his note. In pursuance of this settlement and agreement, the mortgage was released, and appellant executed the note in suit. The land so purchased was the only consideration for the note.

Without the knowledge or consent of Ruth V. Anderson, the note was made payable to appellee, who was her son and agent, and appellant signed the same without examination, supposed it was made payable to Ruth V. Anderson, and had no knowledge to the contrary until this action was commenced. ·

This plea shows that Ruth V. Anderson is the owner of the note, in such a sense that whatever defence appellant might have made, had the note been made payable to her, he may now make. *Waddle* v. *Harbeck*, 33 Ind. 231 ; *Swindell* v. *Richey*, 41 Ind. 281.

The plea also shows that the only consideration for the note is the land, it being only a renewal, to the extent of it, of the other notes given for the purchase-money. Any defence, therefore, that appellant might have made against those notes he may make against this. Daniel Negotiable Instruments, section 177.

Appellee contends that if it should be conceded that there

was error in sustaining the demurrer to this answer, it was, and is, a harmless error, because the facts therein set up might have been given in evidence under the third answer, in which a want of consideration is alleged in general terms. We think otherwise. There was a consideration. The note in suit, like those of which it is so far a renewal, was given for the land. The consideration has failed to the extent of the note by reason of there being a less number of acres of land than agreed upon. An answer of a total or partial failure of consideration must set out the facts showing the failure. *Billan* v. *Hercklebrath,* 23 Ind. 71.

The important question remains: Does the answer properly state facts sufficient to show a failure of consideration?

The words "more or less" in a deed, in connection with a description of land, are used to designate approximately the quantity of the land within the given boundary. In the absence of contracts, the quantity is always regarded as a part of the description. And where it appears by words of qualification, as "more or less," that the statement of the quantity of acres in the deed is mere matter of description, and not of the essence of the contract, the buyer takes the risk of the quantity, if there be no intermixture of fraud. 4 Kent Com. 467; Martindale Conveyances, p. 87; 1 Sugden Vendors, top p. 490, bottom p. 324; *Williamson* v. *Hall,* 62 Mo. 405; 2 Hilliard Am. Law of Real Prop., p. 535; *King* v. *Brown,* 54 Ind. 368; *Langsdale* v. *Girton,* 51 Ind. 99.

This is the general rule where the land is sold in lump, and for a gross sum, and there is no fraud or concealment or misrepresentation that amounts to fraud. An abatement of any portion of the purchase-price on account of a deficit in the number of acres, in all cases, where the quantity is merely a part of the description, rests upon the ground of fraud. There may be cases where the deficit in the quantity is so great as to authorize an inference of bad faith and fraud on the part of the seller.

In the case of *Cravens* v. *Kiser*, 4 Ind. 512, it was said: "The general rule is, that where land is sold by metes and bounds, and estimated to contain a specific quantity, or for 'more or less,' and a gross sum is paid for the entire tract, the vendee will not be entitled to an abatement in price, should the number of acres fall short of the estimated quantity. But this rule is not applicable where there is any fraud or concealment on the part of the vendor. It is true the deficit in quantity might be so great as to authorize the inference that the seller acted in bad faith; still such abatement must proceed on the ground of his fraudulent conduct."

Mr. Sugden lays down these rules: "1. If an estate be sold at so much per acre, and there is a deficiency in the number conveyed, the purchaser will be entitled to a compensation, although the estate was estimated at that number in an old survey. 2. The rule is the same, though the land is neither bought nor sold professedly by the acre. The general rule therefore is, that where a misrepresentation is made as to the quantity, though innocently, the right of the purchaser is to have what the vendor can give, with an abatement, for so much as the quantity falls short." Sugden Vendors, bottom p. 324, top p. 489.

These rules more properly apply where it appears from the deed that the land was purchased by the acre, and a certain number of acres are stated, and where the deed does not contain the words "more or less." But although the deed contains these words, the vendee will be entitled to an abatement in the purchase-price, as against the vendor and others with notice, or where the notes are not commercial paper, to the amount of the deficiency, where, by the fraudulent representations of the vendor as to the number of acres, he is induced to enter into a contract that he would not otherwise have entered into, and to pay, or agree to pay, more than he otherwise would have done. And especially is this so, where the land is purchased at an agreed price by the acre.

While some of the cases seem to distinguish between sales

in gross and by the acre, others hold that there is no difference where there is fraud. It was held in the case of *Thomas* v. *Beebe*, 25 N. Y. 244, that where fraudulent representations relate to the quantity of land sold, it is immaterial whether the sale is in gross or by the acre. It was said: " The liability of the defendant for a fraudulent representation, is as clear, if the sale of the farm was in gross, as if it was by the acre. The representations of the defendant may have induced the plaintiff to enter into the contract for the purchase in gross, instead of by the acre, and there would be great injustice in depriving him, on that account, of his remedy for the fraud."

That there may be an abatement in the purchase-price where a fraud has been practiced upon the vendee, has been many times held by this court. In the case of *Howk* v. *Pollard*, 6 Blackf. 108, it was said: " If the tracts do not contain the number of acres which the vendors represented them to contain, the defendant is entitled to an abatement out of the purchase-money for so much as the quantity falls short of the representations." See, also, *Cravens* v. *Kiser, supra;* *Cox* v. *Reynolds*, 7 Ind. 257; *Langsdale* v. *Girton, supra;* *Reynolds* v. *Cox*, 11 Ind. 262; *Kennedy* v. *Richardson*, 70 Ind. 524. See, also, *McConn* v. *Delany*, 3 Bibb (Ky.) 46; *Solinger* v. *Jewett*, 25 Ind. 479.

It is contended by appellee, that the defence set up can not be allowed without a reformation of the deeds. It is a sufficient answer to this to say, that the defence is not based upon the contract as evidenced by the deeds. As said by the New York court, in the case of *Thomas* v. *Beebe, supra*, the defence is based upon the fraud of the vendor, and not upon any warranty or contract on her part, in regard to the quantity of the land. The doctrine, therefore, of merger of all previous negotiations and representations and of the contract in the deeds, has no application to the case. Fraud can not be so merged. See, also, *Johnson* v. *Miln*, 14 Wend. 195; *Hines* v. *Driver*, 72 Ind. 125. Although not plainly asserted,

or plainly shown, it was upon this theory that parol evidence of fraud was allowed in the several cases above cited.

In the case before us, it is alleged in the answer in substance, as we have seen, that the amount to be paid for the lands was arrived at by a calculation upon an agreed price per acre; that the vendor represented to appellant that one tract contained two hundred and forty acres, and the other eighty acres; that she knew her representations to be false, and that appellant, in ignorance of the truth, believed, relied upon, and acted upon the representations thus made to him.

Under the foregoing authorities, and others that might be cited, the facts so set up in the answer, if true, are such as to entitle appellant to an abatement from the purchase-money in proportion to the deficiency in the number of acres of land. That the facts set up in the answer are true, is admitted by the demurrer. It results from the foregoing, that the judgment must be reversed.

It is, therefore, reversed at appellee's costs, and the cause is remanded with instructions to the court below to overrule the demurrer to the second paragraph of appellant's answer.

Filed April 15, 1886.