No. 14,532.

### HAYS ET AL. *v.* HAYS.

VENDOR AND PURCHASER.—*Sale of Real Estate by the Acre.*—*Misrepresentations as to Quantity.*—*Damages for Deficiency.*—Where a tract of land sold by the acre is represented by the vendor to contain twenty-eight and forty one-hundredths acres, when in fact it contains but twenty-three and forty one-hundredths acres, the purchaser is entitled to recover damages for the deficiency.

From the Dearborn Circuit Court.

*N. S. Givan,* for appellants.

*J. K. Thompson,* for appellee.

COFFEY, J.—This was a suit by the appellee against the appellants to recover back part of the purchase-price paid for a certain described tract of land. The complaint proceeds upon the theory that the appellee purchased and paid for the land described at an agreed price per acre, and that the tract did not contain the quantity purchased and paid for by the appellee.

The complaint alleges that the appellants represented that the tract contained twenty-eight acres and forty hundredths of an acre, and that the appellee, relying thereon, purchased the same at the agreed price of one hundred dollars per acre, and accepted a conveyance therefor, and paid the purchase-price in full; that after the payment of the purchase-price for said land the appellee learned, for the first time, that said tract contained twenty-three and forty hundredths acres only.

A purchaser is always entitled to the quantity of land for which he has bargained, and if the vendor is unwilling or unable to convey him that quantity, he is under no obligation to complete the contract.

The question of quantity, in its most complicated form, usually arises in sales of land in compact bodies, sold under some specific name, or by particular description, and as con-

taining, by estimation, a given number of acres, or a given number of acres, more or less.

The difficulty arises in determining whether the sale was intended to be in gross or by the acre. If in gross, the mention of the quantity of acres, after another and certain description, whether by metes and bounds, or other known specifications, is not a covenant, or agreement, as to the quantity to be conveyed. In such cases the statement of acreage is regarded as mere matter of description, and not of contract. But the terms, " by estimation," " more or less," or other expressions of similar import, added to a statement of quantity, can only be considered as covering inconsiderable, or small differences one way or the other, and do not, in themselves, determine the character of the sale. Even where the sale has been in gross, and not by the acre, if it appear that the estimated number of acres was, in fact, the controlling inducement, and that the price, though a gross sum, was based upon the supposed area and measured by it, equity will interfere to grant relief, and rescind the contract on the ground of gross mistake. 2 Warvelle Vendors, pp. 838, 839.

Upon a satisfactory showing equity will interfere to vacate a contract, and decree a reconveyance, or to correct the conveyance, or award compensation.

A purchaser of land has a right to rely upon the representations of the vendor relative to the extent and boundaries of his land, and is not under any obligation to examine the plats and consult the records. The law presumes that the owner knows his own property, and that he truly represents it, and if the purchaser, trusting to the owner's representations, is misled thereby to his injury, an action will lie if the representation be false.

If the vendor fraudulently represents the number of acres to be greater than they are, and thereby induces the vendee to give more for the tract than he otherwise would, the vendee is entitled to an abatement, or to a compensation for

the deficiency by way of damages.    2 Warvelle Vendors, p. 974.

Mr. Sugden, in his valuable work on Vendors, vol. 1, p. 489, in speaking of the question now under consideration, says: "1. If an estate be sold at so much per acre, and there is a deficiency in the number conveyed, the purchaser will be entitled to a compensation although the estate was estimated at that number in an old survey.    2. The rule is the same, though the land is neither bought nor sold professedly by the acre.    The general rule, therefore, is that where a misrepresentation is made as to the quantity, though innocently, the right of the purchaser is to have what the vendor can give, with an abatement for so much as the quantity falls short."    See, also, *Tarbell* v. *Bowman,* 103 Mass. 341 ; *Solinger* v. *Jewett,* 25 Ind. 479 ; *Tyler* v. *Anderson,* 106 Ind. 185.

In the case of *Solinger* v. *Jewett, supra,* the land was purchased at the agreed price of twenty-two dollars per acre. The tract described as containing one hundred and twenty-one acres, more or less, contained eighty-four and thirty-one hundredths acres only.    It was held by this court that the difference between the estimated and actual quantity of the land amounted to a gross mistake, and that the purchaser was, upon that ground, entitled to recover from the vendor by way of damages for the difference between the estimated quantity and the actual quantity in the tract sold and conveyed.

In the case before us the land was sold at one hundred dollars per acre, and was estimated to contain twenty-eight and forty hundredths acres, when in fact it contained twenty-three and forty hundredths acres only.    It will thus be seen that the actual quantity of land in the tract sold and conveyed was nearly one-fifth short of its estimated quantity, making a difference in value of five hundred dollars. This, in our opinion, was such a mistake as entitled the appellee to relief.

The evidence tends to prove that the tract of land in ques-

tion was set off to the appellee, Nancy Hays, in a partition suit, in which it is described as containing twenty-eight and forty hundredths acres; that it was sold by her to the appellee at the agreed price of $100 per acre, when in fact it contained twenty-three and forty hundredths acres, and no more. The verdict was for the sum of $261.65. The evidence tends to support the verdict.

We have carefully read the instructions given by the court to the jury in this case, and think they state the law fully and correctly. In so far as the instructions asked by the appellants and refused by the court stated the law correctly, they were fully covered by the instructions given.

We have been unable to discover any error in the record for which the judgment should be reversed.

Judgment affirmed.

Filed Nov. 18, 1890.