## WOLCOTT ET AL. *v.* FRICK.

[No. 6,059.    Filed June 26, 1907.]

1. VENDOR AND PURCHASER.—*Deeds.*—*Gross Shortage in Number of Acres.*—*Remedy.*—Where the vendor sells a tract of land, supposed to contain a certain number of acres, at a certain price per acre, and it afterward appears that there is a gross shortage in the number of acres, the purchaser may recover for the shortage. p. 238.

2. SAME.—*Deeds.*—*Shortage in Acres.*—*Bonds.*—*Penalty.*—*Election.* —Where the vendors executed a bond, with a penalty of $1,000, for the refunding, at $60 per acre, of the purchase price of the shortage of a certain tract supposed to contain 850 acres, and the tract contained 780 acres, such purchaser may elect, as against the vendors, to disregard the penalty of the bond, and to sue for the breach of the contract.    p. 238.

From Gibson Circuit Court; *Oscar M. Welborn*, Judge.

Action by Gottfried Frick against Eben H. Wolcott and another.    From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Lucius C. Embree* and *Hastings, Allen & Hastings*, for appellants.

*Clarence B. Kessinger, Emison & Moffett* and *Thomas Duncan*, for appellee.

ROBY, J.—Action by appellee, who recovered judgment for $4,893.75. The controversy arises upon the following facts. Appellee purchased a farm from appellants, who entered into a written contract with him, agreeing to convey the same by warranty deed in consideration of the payment of

$60 per acre. The farm was supposed to contain 850 acres. When appellants were ready to deliver their deeds therefor according to contract, a question arose as to the actual number of acres contained in said farm, and the total consideration to which the appellants were entitled. To settle the matter and close the sale, the parties agreed to and did mutually execute bonds, with surety, in the respective sums of $1,000, conditioned on the one hand for the payment of any additional sum which might be due from appellee on account of excess in acreage over the supposed quantity, and, upon the other, for the repayment of any sum received by reason of a deficiency of acreage. The bond executed by appellants was in terms as follows:

"We, the undersigned, are bound unto Gottfried Frick in the sum of $1,000, and for which we bind ourselves, our heirs, executors and administrators. The conditions of this bond are such that whereas said Wolcott and Mezger have this day sold to said Frick the Hays farm in Knox county, which they warrant to contain 850 acres, and said Frick has paid therefor on said basis, now said sellers agree to have at once a legal survey made of said land at their expense, and if said farm shall contain less than 850 acres of land according to said survey then said sellers are to refund to purchasers at the rate of $60 per acre for any amount less than 850 acres, and this bond is given to said Frick to guarantee him that said survey shall be made as agreed and that said refunder shall be made if there is less than 850 acres and said bond may be sued on for any failure to carry out the conditions on this bond.

Witness our hand this 2d day of September, 1903.
                              E. H. Wolcott,
                              J. C. Mezger,
                              G. G. Simonson."

The deeds were thereupon delivered and the price paid as agreed. Upon measurement being made it developed that the farm actually contained 780 acres, making a shortage of 70 acres, for which appellee had paid $4,200. Appellants admit liability, but contend that such liability is limited to $1,000, the specified penalty of the bond. Appellee did not

sue the surety upon said bond, and in his complaint avers that he disregards the penalty and seeks recovery of actual damages upon the covenant of appellants to repay. It is also averred that the shortage was gross, and was not contemplated by any of the contracting parties. No question as to the right of a surety is involved. The controversy is between the original parties alone. They were all innocently misled. Does the fixing of a $1,000 penalty in the bond prevent appellee from recovering more than that part of the $4,200 mistakenly paid by him for which he received nothing?

Had no bond been executed, the facts would bring the case within the following rule: In case one purchases real estate at a given price per acre and the purchaser and

1. seller have a common belief that there is of said real estate a given number of acres, and the purchaser pays the purchase price therefor in full and it is ascertained afterwards that there was a gross shortage in the acreage of said real estate that was in nowise contemplated by the seller and the purchaser, the purchaser may recover at the contract price per acre for the gross shortage in acreage. *Solinger* v. *Jewett* (1865), 25 Ind. 479, 87 Am. Dec. 372; *Hays* v. *Hays* (1890), 126 Ind. 92, 11 L. R. A. 376; *King* v. *Brown* (1876), 54 Ind. 368.

The bond given by appellants contains an express recognition of such liability and an express agreement upon their

2. part to refund at the rate of $60 per acre for any amount less than 850 acres. The manner of ascertaining such deficiency, if any, is fixed, and an accurate method of determining the amount of liability provided. Had the deficiency proved to be no more than a single acre, appellee could not by any form of action have recovered more than $60. Does the fact that the penalty of the bond was fixed at $1,000 prevent him from recovering, in some form of action, the true excess payment which he mistakenly made? If he were to sue in equity he would be met with the proposition that the entire matter had been

provided for by a written contract, as it has been. In this exigency he may do what he has done, avail himself of the written agreement, disregarding the additional security and the amount named in said instrument. "The plaintiff has his election to sue for the penalty or for breach of the contract. In the latter event he is not limited in the amount of damages to the penalty." *Noyes* v. *Phillips* (1875), 60 N. Y. 408. See, also, *Thompson* v. *Rose* (1828), 8 Cowen 266; *Higgins* v. *Delaware, etc., R. Co.* (1875), 60 N. Y. 553, 557.

This is no more than ascertaining and giving effect to· the intention of the parties as evinced by the entire agreement construed in the light of the circumstances under which it was made. *Little* v. *Banks* (1881), 85 N. Y. 258, 266; *Kemp* v. *Knickerbocker Ice Co.* (1877), 69 N. Y. 45, 58. The action is not therefore, in view of appellee's election, one in which the authorities relied upon by appellant are applicable.

Judgment affirmed.