(62 Misc. Rep. 613.)

KRESHOVER v. BERGER et al.

(Supreme Court, Appellate Term. April 8, 1909.)

1. EVIDENCE (§ 434*) — PAROL EVIDENCE—VARYING WRITTEN CONTRACT—MISREPRESENTATIONS.

Where a written contract, rescinded by a party thereto on the ground of the oral fraudulent representations of the other party, contains provisions negativing the claim that the representations were relied on, or contains other representations on the same subject inconsistent with the oral representations, the oral representations are inadmissible, as varying the contract.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2012; Dec. Dig. § 434.*]

2. EVIDENCE (§ 434*)—PAROL EVIDENCE—VARYING WRITTEN CONTRACT.

Where a written contract for the sale and purchase of real estate required the vendor to furnish certificates showing erection of the building on the premises in accordance with the building laws, parol misrepresentations of the vendor as to the walls of the building were inadmissible, as varying the contract.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2013; Dec. Dig. § 434.*]

---

3. VENDOR AND PURCHASER (§ 33*)—MISREPRESENTATIONS—MATERIALITY.

A contract for the sale and purchase of real estate, which provides that the premises shall be taken subject to monthly tenancies and leases of the various apartments, and that the rents shall be apportioned, renders the terms of the leases immaterial, and that the vendor fraudulently represented that the premises were leased as apartments to divers tenants on leases, and that no free rents were given, was immaterial.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 40–53; Dec. Dig. § 33.*]

4. VENDOR AND PURCHASER (§ 33*)—MISREPRESENTATIONS—MATERIALITY.

A contract for the sale and purchase of real estate, which provides that the vendor will take on the premises a second mortgage of $17,000 after a first mortgage of $70,000, and that, in the event of the purchaser's inability to secure a first mortgage loan of $70,000, the vendor will increase the second mortgage to the extent necessary, not more than $5,000, contemplates that the vendor may not obtain a loan of $70,000, rendering the fraudulent misrepresentations of the vendor that a third person had accepted a loan of $70,000 on the premises immaterial.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 40–53; Dec. Dig. § 33.*]

5. VENDOR AND PURCHASER (§ 33*)—FRAUDULENT REPRESENTATIONS—PROMISES.

A fraudulent representation by a vendor that third persons would lend at least a specified sum on first mortgage on the premises is promissory, and the purchaser may not rely on it.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 40–53; Dec. Dig. § 33.*]

Appeal from City Court of New York, Trial Term.

Action by Leo J. Kreshover against Morris Berger and another. From a judgment dismissing the complaint, with costs, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

L. & A. U. Zinke (Louis Zinke, of counsel), for appellant.

Harry M. Goldberg (Max D. Steuer and I. Maurice Wormser, of counsel), for respondents.

LEHMAN, J. The plaintiff herein alleges that the defendants, in order to induce the plaintiff to enter into a contract for the purchase of certain premises, had represented to the plaintiff: (1) That the walls of the said premises did not encroach upon the adjoining premises; (2) that the walls were properly constructed, and no question as to their construction had ever arisen; (3) that the premises were leased as apartments to divers tenants on leases, and no free rents were given; (4) that the Lawyers' Title Insurance & Trust Company accepted a loan of $70,000 upon the said premises; and (5) that either the said company or the Title Guarantee & Trust Company would lend at least $70,000 on first mortgage upon the said premises. The plaintiff further alleges that the plaintiff, in reliance upon the truth of the said representations, entered into a contract for the purchase of the premises, and had paid the sum of $2,000 upon the said contract. The plaintiff seeks to recover the said sum of $2,000 on the ground that the said representations were false, in that: (a) The easterly wall bulges and encroaches upon the adjoining premises; (b) the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

walls have not been properly constructed; (c) leases have been made. to tenants with the understanding that for one month out of twelve during the year the tenant need pay no rent; (d) the Lawyer's Title Insurance & Trust Company had declined to pass a loan of $70,000, by reason of the construction of the easterly wall; (e) the Title Guarantee & Trust Company would make no loans, by reason of the construction of the easterly wall, without a license from the owner of the adjoining premises on the east. The trial justice refused to allow any evidence of oral misrepresentations on these points, stating that they would vary the written instrument, and are cognizable only in an equity tribunal.

It is unquestionably true that, in an action to recover the amount paid upon a contract rescinded on account of alleged fraudulent misrepresentations, the plaintiff should be allowed to show that by reason of such fraudulent misrepresentations the minds of the parties have never met, even though the misrepresentations were parol; but where the contract itself contains provisions that negative the claim that these misrepresentations were relied upon, or contains other representations upon the same subject inconsistent with the alleged oral representations, then the evidence of representations is not introduced for the purpose of showing that the minds of the parties did not meet on this contract, but only to vary the written contract and is improper. In this case the contract contains clauses as follows:

(1) "Subject to state of facts shown on survey of Chas. A. Meyer & Son, dated Sept. 1, 1905. * * *"

(2) "The party of the first part agrees to furnish the certificates of the tenement house and building departments, showing erection of the building on the premises hereby contracted to be conveyed in accordance with building laws."

The clauses cover the alleged misrepresentations as to the walls of the building, and any proof of these misrepresentations would vary the written instrument.

The contract further provides that the premises shall be taken subject to monthly tenancies and leases on various apartments, and that the rents shall be apportioned. The parties have, therefore, expressly agreed that the terms of the leases are not material.

The representation that the Title Insurance & Trust Company accepted a loan of $70,000 is immaterial, because the contract provides that the defendant would take upon the premises a second mortgage of $17,000 after a first mortgage of $70,000; but, in the event that plaintiff should be unable to secure a mortgage loan of $70,000, then the defendant agreed to increase the second mortgage to the extent necessary, "but in no event is said increase to be more than $5,000." Obviously, therefore, the plaintiff contemplated that he might not obtain a loan of $70,000. Moreover, the complaint does not allege that the title company had not accepted a loan, but only states that it had declined to pass a loan. The oral representations may therefore have been true.

The fifth representation is promissory in its nature, and the plaintiff had no right to rely upon the same.

It would appear, therefore, that, if the evidence of these representations had been received, it would have had the effect, as the trial

justice said, of reforming the contract in these particulars. The entire record shows that the plaintiff is now trying to interpolate into the contract new clauses.

The judgment should therefore be affirmed, with costs. All concur.