## WOLCOTT ET AL *v.* MOORE.

[No. 7,056.  Filed November 1, 1910.]

1. VENDOR AND PURCHASER.—*Contracts.*—*Sales of Real Estate.*— *Shortage of Acreage.*—*Recovery for.*—Where one purchases real estate by the acre, the vendor and the purchaser having mutual belief that the tract purchased contains a certain number of acres, and there is a gross shortage, the purchaser may recover the purchase price of such shortage.  p. 428.

2. VENDOR AND PURCHASER.—*Contracts.*—*Written.*—*Contradicting.* —*Shortage of Acreage.*—A written contract providing that the vendor of a certain tract of real estate "containing 500 acres, more or less," sold such land for $35 an acre, the purchasers receiving an option to have it surveyed within a certain time, paying for the actual acreage, or, if not surveyed within such time, to take it at the estimate of 500 acres, obligates such purchasers to pay for such 500 acres, where they failed to have it surveyed within the time; and they cannot vary such contract by oral evidence showing subsequent verbal changes thereof, the addition of the words "more or less" negativing exact knowledge.  p. 429.

From Superior Court of Marion County (72,380) ; *John L. McMaster,* Judge.

Action by Eben H. Wolcott and others against Robert E. Moore.  From a judgment for defendant, plaintiffs appeal. *Affirmed.*

*Frederick E. Matson* and *Joseph E. Cowern,* for appellants.

*Samuel Ashby,* for appellee.

ROBY, J.—The parties hereto, on January 6, 1903, made a written contract for the sale and purchase of certain real

estate then owned by appellee. The terms of said contract, so far as they are material to the present controversy, were as follows:

"This indenture witnesseth that said Moore has this day sold his land in Harrison township, Knox county, Indiana, containing 500 acres, more or less, to parties of second part, at the price of $35 per acre, amounting to $17,500, net of commissions, and said Moore hereby agrees, if so requested by parties of second part before March 1, 1903, to have these lands surveyed, and if there is less than 500 acres to deduct for such shortage at the contract price, and if there is an excess, the parties of the second part hereby agree to pay for same at the contract price per acre."

On February 21, 1903, appellee executed his deed in accordance with the terms of the contract and payment was duly made to him. The description in said deed was followed by a clause, "containing in all 500 acres, more or less." In appellants' first paragraph of complaint, they aver that they caused a survey of said land to be made in the month of........, 1906, that they caused an accurate survey of said tract to be made, and found it contained only 463.47 acres, a deficiency of 46.53 acres, and they asked judgment for the amount paid by them therefor. The second paragraph of complaint contains the additional averments that before the execution of said deed appellee stated to appellants that said tract of land, upon survey thereof, would be found to contain 500 acres; and that it did contain 500 acres, and that by reason thereof they did not demand a survey of the tract of land before March, 1903. Demurrers were sustained to both paragraphs of complaint, and such rulings are assigned as errors. The law is

1. very well settled that "in case one purchases real estate at a given price per acre and the purchaser and seller have a common belief that there is of said real estate a given number of acres, and the purchaser pays the purchase price therefor in full and it is ascertained after-

wards that there was a gross shortage of the acreage of said real estate that was in nowise contemplated by the seller and the purchaser, the purchaser may recover at the contract price per acre for the gross shortage in acreage." *Wolcott v. Frick* (1907), 40 Ind. App. 236, and authorities cited.

There is no room for the application of the doctrine when the subject-matter has been provided for by contract between the parties. *Wolcott v. Hayes* (1909), 43 Ind.

2. App. 578. The contract stated that the tract contained 500 acres, more or less. The addition of the words "more or less" negatives the idea of exact knowledge. The contract provided that the price was to be established upon that basis, unless appellants choose to have the land surveyed, in which event appellee was to procure the survey. The result of such survey might have been to appellants' advantage, and it might have been to their disadvantage, inasmuch as the contract provided that they should pay for any excess that might be found. They chose to close the transaction without any survey, and they therefore made the sale substantially as a sale in gross. They cannot now be permitted to ignore or contradict the terms of their agreement.

The second paragraph of complaint stands on the same footing as the first. Appellants had no right to rely upon the alleged statement as to what the survey would show, or as to the amount of land in the tract. The subject was fully covered by the contract, which cannot be contradicted or varied by parol. *Kreshover v. Berger* (1909), 116 N. Y. Supp. 20.

Judgment affirmed.